**Ramon J. MARTINEZ, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 96–3354.

United States Court of Appeals, Federal Circuit.

Oct. 15, 1997.

Lawrence A. Berger, Mahon & Berger, Garden City, New York, argued for petitioner.

Joyce G. Friedman, Attorney, Office of the General Counsel, Merit Systems Protection Board, Washington, D.C., argued for respondent. With her on the brief were Mary L. Jennings, General Counsel, and Martha B. Schneider, Assistant General Counsel.

Before MAYER, RADER, and SCHALL, Circuit Judges.

SCHALL, Circuit Judge.

Ramon J. Martinez seeks review of the final decision of the Merit Systems Protection Board ("Board") which dismissed for lack of jurisdiction Martinez's appeal of his loss of availability pay after the United States Customs Service ("Customs" or "agency") reassigned him from the position of Criminal Investigator, GS–1811–13, to the position of Physical Security Specialist, GS–080–13. *Martinez v. Department of Treasury,* 71 M.S.P.R. 262, 263 (1996). In its decision, the Board held that availability pay pursuant to the provisions of the Law Enforcement Availability Pay Act of 1994 ("LEAPA"), Pub.L. No. 103–329, § 633, 108 Stat. 2425 (1994) (codified at 5 U.S.C. § 5545a (1994)) is not "pay" as defined in 5 U.S.C. § 7511(a)(4) and that its cancellation as a result of reassignment is not appealable to the Board as a "reduction in pay" pursuant to 5 U.S.C. § 7512(4). We affirm.

## BACKGROUND

Martinez joined Customs in 1981. Subsequently, while serving in the position of Criminal Investigator, GS–1811–13, in the agency's Office of Internal Affairs, Security Programs Division, he became eligible to receive availability pay when LEAPA became effective on September 30, 1994. Availability pay is premium pay equal to "25 percent of the rate of basic pay for the position [of criminal investigator]." 5 U.S.C. § 5545a(h)(1) (1994). It is paid to criminal investigators who are required to work an average of two unscheduled duty hours a day in excess of each regular work day. *See* 5 U.S.C. § 5545a(d)(1) (1994). Under the statute, each criminal investigator receiving availability pay and his or her supervisor must "make an annual certification to the head of the agency that the investigator has met, and is expected to meet, the requirements of [5 U.S.C. § 5545a(d)]" for such pay. 5 U.S.C. § 5545a(e)(1) (1994).

By letter dated December 7, 1994, Customs informed Martinez that it proposed to remove him from his position because he had improperly disclosed case information to a close co-worker of an individual under investigation, knowing that the information would be disclosed to the individual. On July 5, 1995, however, the agency mitigated Martinez's penalty, by reducing it from a removal to a five-day suspension without pay and reassignment to the position of Physical Security Specialist, GS–080–13, in the Security Programs Division. In his new position, Martinez continued in the GS–13 grade and continued to receive the same basic pay he had received as a criminal investigator, but he was no longer eligible to receive availability pay.

Martinez appealed his suspension and reassignment to the Board. In an initial decision dated October 24, 1995, an administrative judge ("AJ") dismissed the appeal for lack of jurisdiction, on the ground that pursuant to 5 U.S.C. § 7512, suspensions for fourteen days or less and reassignments that do not involve any reduction in grade or pay are not actions that are directly appealable to the Board. The AJ noted that although under 5 U.S.C. § 5545a(e)(2), a loss of availability pay resulting from a denial or cancellation of certification is considered a reduction in pay, there was never any denial or cancellation of Martinez's certification. Rather, the agency reassigned Martinez to a position in which he was not eligible for availability pay.

On petition for review, the Board modified and affirmed the initial decision. The Board determined first that under LEAPA and related regulations availability pay could be treated as part of basic pay only for the reasons explicitly set forth in LEAPA and for advances in pay pursuant to 5 U.S.C. § 5524a. *See Martinez,* 71 M.S.P.R. at 264. Looking to the language of the statute and the legislative history, the Board concluded that what LEAPA provided was a premium pay. *Id.* In that regard, the Board observed that it had

> consistently held that premium pay is not part of basic pay, and the loss of or reduction in premium pay, through means within the agency's discretion and not otherwise appealable to the Board, including reassignment, is not appealable to the Board as a reduction in pay.

*Id.* at 264–65. Noting that LEAPA expressly afforded the Board jurisdiction over the employing agency's denial of annual certification, the Board concluded that only those who continued to be 1811–series criminal in-

vestigators and who lost availability pay by specific denial of certification were afforded the right of appeal. *Id.* at 265–66. This appeal by Martinez followed.

### DISCUSSION

■ The Board's jurisdiction is not plenary; rather, it is limited to actions appealable to it "under any law, rule, or regulation." 5 U.S.C. § 7701(a). *See Minor v. Merit Sys. Protection Bd.,* 819 F.2d 280, 282 (Fed.Cir.1987). Before the Board, Martinez had the burden of establishing jurisdiction. 5 C.F.R. § 1201.56(a)(2) (1997). The question of the Board's jurisdiction presents an issue of statutory interpretation which we review *de novo. See King v. Merit Sys. Protection Bd.,* 105 F.3d 635, 638 (Fed.Cir. 1997).

■ Under 5 U.S.C. § 7512(4), the Board is given jurisdiction over an appeal of an involuntary reduction in pay. *See Gulden v. Department of the Army,* 228 Ct.Cl. 879, 881 (1981). An "employee," as defined in 5 U.S.C. § 7511(a)(1), may appeal a "reduction in pay" to the Board pursuant to section 7512(4). However, for purposes of such an appeal, "pay" is defined in section 7511(a)(4) as "the rate of basic pay fixed by law or administrative action for the position held by an employee." Since availability pay is premium pay, it is not part of the "rate of basic pay" for a criminal investigator. *See Triponi v. United States,* 224 Ct.Cl. 503, 633 F.2d 933, 935–36 (1980) (distinguishing basic pay from premium pay). Accordingly, the reduction in Martinez's total pay as a result of his reassignment and the consequent loss of availability pay does not fall within the Board's jurisdiction.

Martinez argues, however, that the Board had jurisdiction over his appeal pursuant to 5 U.S.C. § 5545a(e)(2). That section provides that an "[i]nvoluntary reduction in pay resulting from a denial of certification ... shall be a reduction in pay for purposes of section 7512(4)." 5 U.S.C. § 5545a(e)(2) (1994). Martinez contends that Customs may cancel a criminal investigator's certification for availability pay for reasons other than a failure to meet the availability pay requirement of being available for the prescribed number of unscheduled duty hours. Martinez maintains that the provisions of LEAPA and one of its implementing regulations, found at 5 C.F.R. § 550.184(d), pertaining to certification for criminal investigators, do not preclude the cancellation of certification based upon the grounds which resulted in his reassignment. In other words, Martinez contends that his involuntary reassignment resulted in a *de facto* cancellation of his availability pay certification, thereby giving the Board jurisdiction under section 5545a(e)(2).

We disagree. First of all, we decline to read LEAPA as in any way providing that a reassignment out of a criminal investigator position constitutes a denial or cancellation of certification. There is simply nothing in the language of the statutory provisions that supports such a reading. As far as 5 C.F.R. § 550.184(d) is concerned, it states in part that "[t]he employing agency may deny or cancel a certification based on a finding that an investigator has failed to perform unscheduled duty (availability or work) as assigned or reported, or is unable to perform unscheduled duty for an extended period due to physical or health reasons." Like the statute, the regulation says nothing about the cancellation of availability pay as a result of an employee's reassignment to a position not eligible for the pay. The denial or cancellation of the availability pay certification contemplated by the regulation applies to those continuing in criminal investigator positions. Upon reassignment to the position of a physical security specialist, Martinez was no longer eligible for certification to receive availability pay.

Martinez argues, nevertheless, that in construing LEAPA and the implementing regulations, the Board failed to distinguish between a voluntary change in an employee's status and his involuntary reassignment. 5 C.F.R. § 550.184(c) provides in part that "[a] certification shall no longer apply when the employee ... moves to a position that does not qualify as a criminal investigator position." The Board cited this regulation for the proposition that a "reduction in pay resulting from movement to a job other than a criminal investigator position is specifically distinguished from a loss of certification for availability pay." *Martinez,* 71 M.S.P.R. at 266–67. Martinez contends the regulatory

language pertains only to voluntary transfers. Because his reassignment was not voluntary, Martinez asserts that the regulation which the Board cited does not apply.

Again, we disagree. The language of 5 C.F.R. § 550.184(c) indicates that the certification process is not relevant when an employee is no longer employed as a criminal investigator. There is no qualification with respect to the circumstances under which someone ceases to be a criminal investigator. Moreover, as stated in the title to LEAPA, "Availability pay for criminal investigators," it is clear that availability pay is directly tied to the position of a criminal investigator. Section 5545a(b) provides that "the purpose of [LEAPA] is to provide premium pay to criminal investigators to ensure the availability of criminal investigators." Availability pay is intended to compensate only criminal investigators for being available for unscheduled duty an average of two hours in excess of each regular work day. *See* 5 U.S.C. § 5545a(d)(1) (1994). In Martinez's reassignment, he was no longer required to be available for unscheduled duty as a criminal investigator.

Section 7512(4) grants jurisdiction to the Board only when there is a loss of basic pay, not premium pay. Regardless of whether his transfer was involuntary, Martinez remained in the same grade, and continued to earn the same basic pay. The reassignment did not result in a reduction in his rate of basic pay in order to confer jurisdiction on the Board.

## CONCLUSION

For the foregoing reasons, the decision of the Board is affirmed.

## COSTS

Each party shall bear its own costs.

*AFFIRMED*