Robert J. NIGG, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent,

and

United States Postal Service, Intervenor.

No. 02–3230.

United States Court of Appeals, Federal Circuit.

March 10, 2003.

Robert J. Nigg, of Chino, CA, pro se.

Raymond W. Angelo, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were.

Martha B. Schneider, Acting General Counsel; and Stephanie M. Conley, Reviewing Attorney.

Patricia M. McCarthy, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for intervenor. On the brief were Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director; Robert E. Kirschman Jr., Assistant Director; and Erin E. Powell, Trial Attorney.

Before CLEVENGER, BRYSON, and PROST, Circuit Judges.

BRYSON, Circuit Judge.

Petitioner Robert Nigg works for the United States Postal Service as a postal inspector. When the Postal Service ruled him ineligible to receive law enforcement availability pay and suspended his receipt of such pay for a four-week period, he appealed the decertification and suspension decision to the Merit Systems Protection Board. The Board dismissed Mr. Nigg's appeal for lack of jurisdiction. We agree with the Board's legal analysis and affirm its dismissal order.

I

By statute, compensation and benefits for postal inspectors are required to be "maintained on a standard of comparability" to the compensation and benefits paid for comparable levels of work in the executive branch of the government outside of the Postal Service. 39 U.S.C. § 1003(c). One benefit enjoyed by similarly situated executive branch employees outside the Postal Service is law enforcement availability pay pursuant to the Law Enforcement Availability Pay Act ("LEA Pay Act"), 5 U.S.C. § 5545a. The LEA Pay Act provides premium pay to criminal investigators who are required to be available for unscheduled duty in excess of a

40–hour work week. *See id.* § 5545a(b). Criminal investigators must work a certain number of overtime hours each year to be certified as eligible for the extra pay. *See id.* § 5545a(d), (e)(1). Denial of certification that results in an involuntary reduction in pay is considered a "reduction in pay" within the meaning of 5 U.S.C. § 7512(4). *See* 5 U.S.C. § 5545a(e)(2). Accordingly, the Merit Systems Protection Board has jurisdiction to hear claims concerning denials of eligibility certification under the LEA Pay Act. *Martinez v. Merit Sys. Prot. Bd.,* 126 F.3d 1480, 1482 (Fed.Cir.1997).

Pursuant to 39 U.S.C. § 1003(c), the Postal Service has implemented a compensation system for postal inspectors comparable to the law enforcement availability pay system provided by the LEA Pay Act. *See* United States Postal Service All Divisions Letter No. 97–12 (July 29, 1997). Like executive branch employees who are covered by the LEA Pay Act, postal inspectors are required to work a certain number of overtime hours each year to be certified as eligible for premium pay.

In January of 2001 the Postal Service decertified Mr. Nigg as eligible for availability pay and suspended him from receiving availability pay for a four-week period because during the previous year he had failed to work the minimum number of overtime hours required for availability pay certification. He sought to appeal the decertification and suspension to the Merit Systems Protection Board. The administrative judge who was assigned to the case noted that because Mr. Nigg was a Postal Service employee, the Board would have jurisdiction to decide his appeal only if he fell within one of the classes of Postal Service employees entitled by statute to appeal to the Board. Accordingly, the administrative judge advised Mr. Nigg that in order to establish Board jurisdiction he had to show that he had completed one continuous year of service in his position and that he was either a preference-eligible employee, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity. *See* 39 U.S.C. § 1005(a)(4)(A)(i), (ii); *Bolton v. Merit Sys. Prot. Bd.,* 154 F.3d 1313, 1316 (Fed.Cir.1998).

In his response to the administrative judge's order, Mr. Nigg conceded that he was neither a preference-eligible employee nor a supervisor. He argued, however, that the Board had jurisdiction to entertain his appeal because he was a manager and because he was engaged in confidential personnel work. The administrative judge disagreed and ruled that Mr. Nigg had failed to establish that he fell within one of the statutory classes of Postal Service employees who are entitled to appeal to the Board. The administrative judge therefore dismissed Mr. Nigg's appeal for lack of jurisdiction.

Mr. Nigg petitioned for review by the full Board. The Board denied the petition, but reopened the appeal on its own motion. The Board did not address the administrative judge's ruling that Mr. Nigg was not an employee entitled to redress from the Board, but disposed of the appeal by holding that the substance of Mr. Nigg's claim is outside the Board's jurisdiction. The Board first held that, because the LEA Pay Act does not apply to the Postal Service, the provision of that statute making denial of certification for law enforcement availability pay appealable to the Board does not apply to postal inspectors and thus does not give them Board appeal rights. The Board then held that the decertification and suspension of Mr. Nigg's entitlement to availability pay did not constitute a "reduction in pay" and is there-

fore not appealable to the Board as an "adverse action" under 5 U.S.C. § 7512(4).

II

In support of his contention that the Board has jurisdiction over his appeal, Mr. Nigg points out that the Postal Service has a mandate from Congress under 39 U.S.C. § 1003(c) to provide postal inspectors with compensation comparable to federal criminal investigators. According to Mr. Nigg, that statute requires that the Postal Service availability pay system conform in all respects to the availability pay system created for other executive branch employees pursuant to the LEA Pay Act. Because the LEA Pay Act gives the Board jurisdiction over certification denial appeals brought by other federal investigators, Mr. Nigg argues that 39 U.S.C. § 1003(c) requires the Board to take jurisdiction over similar complaints brought by postal inspectors.

■ The Board correctly held that the LEA Pay Act does not apply to the Postal Service. The provisions of Title 5 do not apply to the Postal Service unless Congress has specifically so provided. *See* 39 U.S.C. § 410; *see also Kane v. Merit Sys. Prot. Bd.*, 210 F.3d 1379, 1381 (Fed.Cir. 2000); *Bacashihua v. Merit Sys. Prot. Bd.*, 811 F.2d 1498, 1501 (Fed.Cir.1987). Section 5545a is not one of the exceptional provisions that Congress had made applicable to the Postal Service. *See* 39 U.S.C. § 410(b). Therefore, section 5545a(e)(2) does not give the Board jurisdiction to entertain appeals from postal inspectors who have been denied availability pay.

■ We decline Mr. Nigg's invitation to find that Congress intended to give the Board jurisdiction by making the appeal provision of the LEA Pay Act applicable to postal inspectors through 39 U.S.C. § 1003. While 39 U.S.C. § 1003(c) refers to a "standard of comparability" between postal inspectors and other criminal investigators, the statutory language refers only to compensation and benefits. The statute does not suggest that Congress intended that general expression of purpose to confer on Postal Service employees all of the same legal remedies and appeal rights enjoyed by other executive branch employees.

In fact, the history and structure of the LEA Pay Act manifest a contrary congressional intention. This court's precedent has long distinguished between "basic pay" and "premium pay," such as overtime or night differential; we have consistently held that a denial of premium pay does not constitute a reduction in pay that is appealable to the Board. *See Mattern v. Dep't of the Treasury*, 291 F.3d 1366, 1370 (Fed.Cir.2002); *Triponi v. United States*, 224 Ct.Cl. 503, 633 F.2d 933, 935–36 (1980). When Congress enacted the LEA Pay Act, it specifically granted the Board jurisdiction to entertain appeals by criminal investigators who were decertified and thus rendered ineligible for law enforcement availability pay. *See* 5 U.S.C. § 5545(e)(2). Without that provision, reductions in law enforcement availability pay, like reductions in other types of premium pay, would not have been appealable to the Board.

As noted, 39 U.S.C. § 1003(c) does not contain an express grant of Board jurisdiction for appeals from decertification decisions. Accepting Mr. Nigg's argument would require us to infer that Congress intended not only to mandate the creation of an availability pay system for postal inspectors, but also implicitly to grant a right to Board review for postal inspectors who were denied availability pay. Yet the argument for implicit Board appeal rights runs afoul of the well-settled principle that the Board's jurisdiction is strictly confined to those matters conferred to it by statute and regulation. *See Maddox v. Merit Sys. Prot. Bd.*, 759 F.2d 9, 10 (Fed.Cir.1985).

Moreover, any inference that Congress intended to create Board jurisdiction is particularly dubious in this case. The 1996 Congress that enacted section 1003(c) remained silent as to any appellate rights for postal inspectors who were denied availability pay, even though the LEA Pay Act, which was enacted only two years earlier, contained an express provision authorizing such appeals to the Board for other federal law enforcement employees. Under those circumstances, if Congress had intended to give the Board jurisdiction over decertification appeals by postal inspectors, it could have done so simply by following the model enacted two years earlier. In light of Congress's silence on the issue of Board jurisdiction, we decline Mr. Nigg's invitation to find a congressional grant of Board jurisdiction by inference from section 1003(c).

■ Mr. Nigg next argues that decertification under the Postal Service availability pay system constitutes a "reduction in pay" that is appealable to the Board under 5 U.S.C. § 7512(4). By statute, however, the term "reduction in pay" refers to a reduction in basic pay, not a reduction in premium pay. See 5 U.S.C. § 7511(a)(4) (defining "pay" for purposes of section 7512 as "the rate of basic pay fixed by law or administrative action for the position held by the employee"). This court has specifically held that availability pay is a type of premium pay and not part of the "rate of basic pay" for a position within the meaning of section 7511(a)(4). See Mattern, 291 F.3d at 1370; Martinez, 126 F.3d at 1482. Absent a statutory exception such as the one Congress created in the LEA Pay Act, reductions in premium pay, including Postal Service availability pay, are not appealable to the Board. Although Mr. Nigg argues that availability pay is part of the postal inspectors' "regular salary" and thus does not constitute premium pay, the compensation program for postal inspectors treats availability pay as sepa-

rate from basic pay. The Board was therefore correct in treating availability pay as premium pay and in holding that section 7512(4) did not give it jurisdiction over Mr. Nigg's appeal.

In support of his argument that law enforcement availability pay is part of "basic pay" for purposes of 5 U.S.C. § 7512(4), Mr. Nigg invokes 5 U.S.C. § 8331(3), which provides that for purposes of one of the subchapters within Title 5 dealing with federal retirement benefits, availability pay is regarded as part of basic pay. That provision is inapplicable to Mr. Nigg's case, however, because by its express terms it relates to the calculation of retirement benefits, not to the question whether availability pay is part of basic pay for purposes of establishing Board jurisdiction under 5 U.S.C. § 7512.

Finally, Mr. Nigg asserts that even if the appeal provision of the LEA Pay Act does not apply to the Postal Service availability pay system, this court should rule that various federal labor laws apply to the Postal Service and should find that those laws were violated when he was decertified. The Board, however, does not have general jurisdiction over every claim of improper or illegal action against an employee in the federal workplace, and Mr. Nigg has not pointed to any statute or regulation giving the Board jurisdiction over violations of any of the federal labor laws on which he relies. Because the Board has no statutory or regulatory basis for reviewing decisions by the Postal Service denying availability pay to postal inspectors, we uphold the Board's decision dismissing Mr. Nigg's appeal for lack of jurisdiction.

*AFFIRMED.*