NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3291

EDMUND J. BECKMAN,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED:  May 20, 2005

_____

Before NEWMAN, LOURIE, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

Edmund J. Beckman petitions for review of the decision of the Merit Systems Protection Board, Docket No. CH0351030262-I-1, dismissing his appeal for lack of jurisdiction.  We <u>affirm</u>.

BACKGROUND

Mr. Beckman was employed as a GS-6 firefighter at the VA Medical Center in Hines, Illinois until June 2002, when he was reassigned to the position of GS-6 pharmacy technician. The reassignment was made necessary by the abolition of his firefighter position when the Agency contracted with the local community to provide firefighting services to the Medical Center. The reassignment resulted in a reduction in Mr. Beckman's total pay, due to the differences in work schedules and overtime entitlements between those of firefighters and pharmacy technicians.

Mr. Beckman appealed the reassignment to the Board, alleging that his loss of pay was a demotion as the result of a reduction in force, for which the Agency had not followed the necessary procedures. The Administrative Judge ruled that Mr. Beckman had not been demoted, but had merely been reassigned from one GS-6 position to another. The AJ dismissed the case for lack of jurisdiction, and the full Board declined review.

DISCUSSION

We review Board decisions to determine whether they are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. §7703(c). The Board's decision on a question of jurisdiction is a matter of law that we review *de novo*.

The Board's jurisdiction is set by statute and regulation. See Maddox v. Merit Sys. Prot. Bd., 759 F.2d 9, 10 (Fed. Cir. 1985). Mr. Beckman argues that the Board has jurisdiction over his appeal pursuant to 5 C.F.R. §351.901, which provides:

> An employee who has been furloughed for more than 30 days, separated, or demoted by a reduction in force action may appeal to the Merit Systems Protection Board.

The parties agree that the only relevant question in this case is whether Mr. Beckman has been "demoted," as that term is defined in 5 C.F.R. §210.102:

> (b)(4) Demotion means a change of an employee, while serving continuously within the same agency:
>> (i) To a lower grade when both the old and the new positions are under the General Schedule or under the same type graded wage schedule; or
>> (ii) To a position with a lower rate of pay when both the old and the new positions are under the same type ungraded wage schedule, or are in different pay method categories.

The Board ruled that in terms of these definitions Mr. Beckman was not demoted.

Mr. Beckman urges us to apply subsection (b)(4)(ii) to his situation and argues that since his new position is at "a lower rate of pay," it constitutes a demotion. It is not disputed that he received a decrease in total pay after the reassignment, and that the reason for the decrease was the absence of overtime pay at the firefighters' rate. He argues that subsection (b)(4)(ii) applies because his past and present GS-6 positions are in different pay method categories, and points to 5 U.S.C. §5545(b) as support. Section 5545(b) provides:

> Pay for firefighters
> (a) This section applies to an employee whose position is classified in the firefighter occupation in conformance with the GS-081 standard published by the Office of Personnel Management, and whose normal work schedule, as in effect throughout the year, consists of regular tours of duty which average at least 106 hours per biweekly pay period.
> (b)(1) If the regular tour of duty of a firefighter subject to this section generally consists of 24-hour shifts, rather than a basic 40-hour workweek (as determined under regulations prescribed by the Office of Personnel Management), section 5504(b) shall be applied as follows in computing pay --
>> (A) paragraph (1) of such section shall be deemed to require that the annual rate be divided by 2756 to derive the hourly rate; and
>> (B) the computation of such firefighter's daily, weekly, or biweekly rate shall be based on the hourly rate under subparagraph (A);

(2) For the purpose of sections 5595(c), 5941, 8331(3), and 8704(c), and for such other purposes as may be expressly provided for by law or as the Office of Personnel Management may by regulation prescribe, the basic pay of a firefighter subject to this subsection shall include an amount equal to the firefighter's basic hourly rate (as computed under paragraph (1)(A)) for all hours in such firefighter's regular tour of duty (including overtime hours).

(c)(1) If the regular tour of duty of a firefighter subject to this section includes a basic 40-hour workweek (as determined under regulations prescribed by the Office of Personnel Management), section 5504(b) shall be applied as follows in computing pay --

    (A) the provisions of such section shall apply to the hours within the basic 40-hour workweek;

    (B) for hours outside the basic 40-hour workweek, such section shall be deemed to require that the hourly rate be derived by dividing the annual rate by 2756; and

    (C) the computation of such firefighter's daily, weekly, or biweekly rate shall be based on subparagraphs (A) and (B), as each applies to the hours involved.

(2) For purposes of sections 5595(c), 5941, 8331(3), and 8704(c), and for such other purposes as may be expressly provided for by law or as the Office of Personnel Management may by regulation prescribe, the basic pay of a firefighter subject to this subsection shall include --

    (A) an amount computed under paragraph (1)(A) for the hours within the basic 40-hour workweek; and

    (B) an amount equal to the firefighter's basic hourly rate (as computed under paragraph (1)(B)) for all hours outside the basic 40-hour workweek that are within such firefighter's regular tour of duty (including overtime hours).

(d)(1) A firefighter who is subject to this section shall receive overtime pay in accordance with section 5542, but shall not receive premium pay provided by other provisions of this subchapter.

(2) For the purpose of applying section 7(k) of the Fair Labor Standards Act of 1938 to a firefighter who is subject to this section, no violation referred to in such section 7(k) shall be deemed to have occurred if the requirements of section 5542(a) are met, applying section 5542(a) as provided in subsection (f) of that section: *Provided*, That the overtime hourly rate of pay for such firefighter shall in all cases be an amount equal to one and one-half times the firefighter's hourly rate of basic pay under subsection (b)(1)(A) or (c)(1)(B) of this section, as applicable.

(3) The Office of Personnel Management may prescribe regulations, with respect to firefighters subject to this section, that would permit an agency to reduce or eliminate the variation in the amount of firefighters' biweekly pay caused by work scheduling cycles that result in varying hours in the regular tours of duty from pay period to pay period. Under such regulations, the pay that a firefighter would otherwise receive for regular tours of duty over the work scheduling cycle shall, to the extent practicable, remain unaffected.

04-3291                          4

(4) Notwithstanding section 8114(e)(1), overtime pay for a firefighter subject to this section for hours in a regular tour of duty shall be included in any computation of pay under section 8114.

Mr. Beckman points out that the firefighters pay structure produced regular GS-6 pay at a higher rate than for the GS-6 pharmacy technician, for federal firefighters normally are on the job for longer hours than most federal employees. He points out that since 1999, 5 U.S.C. §5545(b) re-characterized regularly scheduled overtime and stand-by pay for federal firefighters as basic pay rather than premium pay, and that this enactment established a higher base pay for a GS-6 firefighter.

However, as the MSPB correctly found, this adjustment did not remove federal firefighters from the General Schedule. The MSPB correctly ruled that subsection 210.102(b)(4)(i) governs changes when both the old and new positions are under the General Schedule or same type of schedule, whereas §210.102(b)(4)(ii) applies to ungraded or different pay methods. Subsection 210.102(b)(4)(i) requires that for a demotion, the new position must be at a lower GS grade than the position from which the employee was transferred. In Mr. Beckman's case, however, both positions are at grade GS-6; thus by statute there has been no demotion, for it has not been shown that both positions are in an ungraded wage schedule or are in different pay method categories. For an employee under the General Schedule, a demotion is not caused by a transfer to a General Schedule position at the same grade that does not incur regular overtime pay, when the basic pay of the firefighters' position, although incurring regular overtime, was also based on the standard 40-hour workweek. Mr. Beckman has not shown that he is outside of this category. See Nigg v. Merit Systems Protection Board,, 321 F.3d 1381,

1384 (Fed. Cir. 2003 ) ("This court's precedent has long distinguished between 'basic pay' and 'premium pay,' such as overtime or night differential; we have consistently held that a denial of premium pay does not constitute a reduction in pay that is appealable to the Board."); Triponi v. United States, 633 F.2d 933, 935-36 (Ct. Cl. 1980) ("Since premium pay under section 5545(c)(2) is additional compensation for overtime duty, it falls outside of the definitions of pay referred to above, and its loss would therefore not mean a 'reduction' in pay.") (footnote omitted).

The decision of the Board is affirmed. Each party shall bear its costs.