NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3316

GEORGE M. BRAMMELL,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

———————————————

DECIDED:  January 13, 2006

———————————————

Before RADER, SCHALL, and DYK, Circuit Judges.

PER CURIAM.

## DECISION

George M. Brammell petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed his appeal for lack of jurisdiction. Brammell v. Dep't of Veterans Affairs, No. PH-3443-04-0526-I-1 (M.S.P.B. June 22, 2005) ("Final Decision").  We affirm.

DISCUSSION

I.

On August 19, 2004, Mr. Brammell filed an appeal with the Board. In the appeal, he alleged that his employing agency, the Department of Veterans Affairs, Veterans Service Center, VA Regional Office, Huntington, West Virginia ("agency"), had constructively reduced him in grade. In an initial decision dated October 5, 2004, the administrative judge ("AJ") to whom the case was assigned dismissed the appeal for lack of jurisdiction. Brammell v. Dep't of Veterans Affairs, No. PH-3443-04-0526-I-1 (M.S.P.B. Oct. 5, 2004) ("Initial Decision"). The AJ's initial decision became the final decision of the Board when the Board denied Mr. Brammell's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). Final Decision. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998). An appeal involving a question of the Board's jurisdiction presents an issue of law that we review de novo. Campion v. Merit Sys. Prot. Bd., 326 F.3d 1210, 1212 (Fed. Cir. 2003).

The Board's jurisdiction is not plenary. Rather, it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. 5 U.S.C. § 7701(a);

Martinez v. Merit Sys. Prot. Bd., 126 F.3d 1480, 1482 (Fed. Cir. 1997). We see no error in the decision of the Board that it lacked jurisdiction in this case.

As noted above, before the Board Mr. Brammell asserted that the agency had constructively reduced him in grade. A constructive reduction in grade would be a matter within the Board's jurisdiction because it would qualify as a constructive demotion. See, e.g., Hogan v. Dep't of the Navy, 218 F.3d 1361, 1364 (Fed. Cir. 2000). After both Mr. Brammell and the agency responded to his Acknowledgement Order, however, the AJ determined that Mr. Brammell had failed to meet the criteria for pursuing a constructive demotion appeal. Initial Decision at 2. Rather, the AJ determined, what Mr. Brammell actually was attempting to do was challenge the classification of his position. Id. The Board does not have jurisdiction to adjudicate an employee's complaint that his or her position is improperly classified. See Hogan, 218 F.3d at 1364 (noting that the Board and the Federal Circuit "have no jurisdiction to review or revise an agency's job classification"); Saunders v. Merit Sys. Prot. Bd., 757 F.2d 1288, 1290 (Fed. Cir. 1985) ("The board has not been granted appellate jurisdiction over cases concerning the proper classification of a position, either by statute or regulation."). It was on this basis that the AJ dismissed Mr. Brammell's appeal for lack of jurisdiction.

Mr. Brammell does not challenge the AJ's ruling that he failed to meet the criteria for asserting a constructive demotion appeal. Rather, he makes it clear that what he is complaining about is the classification of his position. Thus, in his opening brief he states:

> In all fairness to the MSPB though, the more this appellant reviews decisions and learns about issues that have previously come before the

MSPB, the more it appears this may be a completely unique situation and
something the MSPB has not seen before – and really something that is
hard to recognize as an issue because there is really almost no reason for
it to ever happen. Why would top Agency officials offer so much
resistance to correcting the grade or the duties of a position?

Mr. Brammell's challenge to the classification of his position is a matter outside the

Board's jurisdiction. See Hogan, 218 F.3d at 1364; Saunders, 757 F.2d at 1290.

For the foregoing reasons, the Board did not err in dismissing Mr. Brammell's

appeal for lack of jurisdiction. Its decision is therefore affirmed.[1]

Each party shall bear its own costs.

---

[1] In his initial decision, the AJ noted that Mr. Brammell had a classification
appeal pending before OPM. Initial Decision at 3. Needless to say, we express no
views on the merits of that matter.