NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3237

JAMES LAVERGNE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

James Lavergne, of Westbury, New York, pro se.

Stephanie M. Conley, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, and Calvin M. Morrow, Acting Assistant General Counsel for Litigation.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3237

JAMES LAVERGNE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in NY0752070289-I-1.

_____

DECIDED: November 7, 2008

_____

Before MICHEL, <u>Chief Judge</u>, CLEVENGER and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

Petitioner James Lavergne appeals the final decision of the Merit Systems Protection Board (Board). <u>Lavergne v. Dep't of Homeland Sec.</u>, 108 M.S.P.R. 576 (M.S.P.B. 2008). The Board dismissed Mr. Lavergne's appeal for lack of jurisdiction because he did not allege a "reduction in pay" pursuant to 5 U.S.C. § 7512(4). We <u>affirm</u>.

## BACKGROUND

Mr. Lavergne was an electrical worker supervisor with the U.S Department of Justice, Federal Bureau of Prisons (FBP), where his basic rate of pay was $66,560. He voluntarily accepted the position of Federal Air Marshal with the U.S. Department of

Homeland Security (DHS) effective March 5, 2006, with a basic rate of pay of $45,600, $10,474 locality pay, and $14,019 law enforcement availability pay for a total salary of $70,093.[1] Believing that DHS incorrectly calculated his basic rate of pay by failing to consider his prior service with FBP, Mr. Lavergne appealed to the Board alleging that he suffered a reduction in pay.

The administrative judge (AJ) issued an order to show cause noting that Mr. Lavergne had not made any allegations of fact which, if true, would show that his basic rate of pay was reduced. The AJ advised Mr. Lavergne to file evidence and show why the appeal should not be dismissed for lack of jurisdiction pursuant to § 7512(4). In response, Mr. Lavergne argued that the decrease in basic pay he experienced when changing positions constituted a reduction in pay sufficient to establish jurisdiction. The AJ disagreed, dismissing Mr. Lavergne's appeal for lack of jurisdiction because his contention amounted to a "pay dispute, not a reduction in pay." Lavergne v. Dep't of Homeland Sec., No. NY0752070289-I-1, 2007 M.S.P.B. LEXIS 7156 (M.S.P.B. Nov. 6, 2007).

Mr. Lavergne filed a petition for review of the initial decision, which was denied on March 20, 2008. Lavergne, 108 M.S.P.R. 576. Mr. Lavergne now timely appeals.

DISCUSSION

The scope of the Board's jurisdiction is a question of law, which we review de novo. Johnston v. Merit Sys. Prot. Bd., 518 F.3d 905, 909 (Fed. Cir. 2008). "The Board's jurisdiction is not plenary, but is limited to those matters over which it has been

---

[1] "Pay" is defined in § 7511(a)(4) as "the rate of basic pay fixed by law or administrative action for the position held by an employee." Martinez v. Merit Sys. Prot. Bd., 126 F.3d 1480, 1482 (Fed. Cir. 1997). Although Mr. Lavergne's total salary increased when he changed positions, his rate of basic pay decreased.

granted jurisdiction by law, rule or regulation." <u>Id.</u> Mr. Lavergne has the burden of proving that the Board has jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i).

"Under 5 U.S.C. § 7512(4), the Board is given jurisdiction over an appeal of an involuntary reduction in pay." <u>Martinez</u>, 126 F.3d at 1482. Mr. Lavergne's situation does not amount to an involuntary reduction in pay under § 7512(4). <u>See</u> <u>McAlexander v. Dep't of Defense</u>, 105 M.S.P.R. 384 ¶ 8 (2007) ("A reduction in pay or grade that an employee accepts voluntarily is not within the Board's jurisdiction."). Mr. Lavergne does not allege that he was involuntarily moved into his new position as a Federal Air Marshal. Nor does Mr. Lavergne allege that he was unaware that the basic rate of pay for his new position was lower than it was for his old position. Pet'r's Informal Br., Resp. to Question 5 ("The Appellant was selected for the position of Federal Air Marshal . . . with a base rate of $45,600."). Although Mr. Lavergne may have a legitimate dispute with DHS over his basic rate of pay, such a dispute as alleged does not give rise to jurisdiction under § 7512(4). Accordingly, the change in basic pay Mr. Lavergne experienced upon changing positions does not fall within the Board's jurisdiction. Accordingly, the decision of the Board is affirmed.

COSTS

No costs.