NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**JACQUELINE MARSHALL,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2024-1330

_____

Petition for review of the Merit Systems Protection Board in No. DA-3443-23-0415-I-1.

_____

Decided:  October 21, 2024

_____

JACQUELINE K. MARSHALL, Richmond, TX, pro se.

DEANNA SCHABACKER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

_____

Before MOORE, *Chief Judge*, HUGHES and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Jacqueline Marshall appeals a decision of the Merit Systems Protection Board (Board) dismissing her appeal for lack of jurisdiction. For the following reasons, we *affirm*.

## BACKGROUND

On July 7, 2023, Ms. Marshall retired from her position as an Inventory Management Specialist with the Department of Veterans Affairs (VA). Appx. 36.[1] On August 13, 2023, she filed three separate initial appeal forms with the Board, each of which alleged the VA refused to provide back pay for on-call hours.[2] Appx. 56–59; Appx. 60–64; Appx 65–69. Ms. Marshall claimed she was on-call "twenty four-seven" from 2010 to 2018 and was due back pay for those hours. Appx. 2; *see also* Appx. 69. In her initial appeal forms, Ms. Marshall also alleged that, because of her efforts to receive the on-call back pay, she "was subjected to harassment and a hostile work environment, which forced [her] into premature retirement." Appx. 69.

The administrative judge (AJ) issued jurisdictional orders informing Ms. Marshall that, without additional evidence, the Board may not have subject matter jurisdiction over her claims. Appx. 49–52; Appx. 53–55. Specifically, the AJ explained that the Board lacks jurisdiction over an agency's refusal to pay on-call back pay unless the claim alleges circumstances such as retaliation

---

[1] "Appx." refers to the Appendix attached to Respondent's Informal Response Brief.

[2] On-call hours are hours where the employee must be available to work outside the employee's regular 40-hour work week. For each on-call hour, an employee is entitled to additional pay, which is ten percent of an employee's overtime rate. Appx. 74.

for whistleblowing or discrimination based on uniformed service. Appx. 53–55. The AJ also informed Ms. Marshall that the Board does not have jurisdiction over voluntary retirements and explained that she must make a nonfrivolous allegation that her retirement "was involuntary because of duress, coercion, or misrepresentation." Appx. 50.

In response, Ms. Marshall argued the VA's alleged failure to pay her for on-call hours may be classified as a reduction in pay. Appx. 44. Ms. Marshall alleged the VA's failure to pay her for on-call hours, coupled with her efforts to collect payment for those hours, led to a deterioration of her mental well-being, including encountering feelings of fear and anguish at work. Appx. 69; Appx. 42. Ms. Marshall asserted that she was prescribed medication to assist her in managing her daily responsibilities at work. Appx. 42. As a result, Ms. Marshall contends she was compelled to terminate her employment prematurely by retiring early. *Id.*

In the initial decision, the AJ dismissed the appeal for lack of jurisdiction, determining there was no appealable action surrounding the issues of on-call back pay and involuntary retirement. Appx. 1–9. The initial decision became final after Ms. Marshall did not petition for review. *Id.* at 9. Ms. Marshall appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

## DISCUSSION

We must uphold the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board lacks jurisdiction is a question of law we review de novo. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995).

I

In her brief to this court, Ms. Marshall indicates that the Board did not make any errors of fact or apply the wrong law or fail to consider any important ground for relief. Petitioner's Informal Br. at 2–3. She nonetheless states without explanation that she wants to be compensated for ten years of labor because she was not paid correctly. *Id.* at 3.

II

The Board properly dismissed Ms. Marshall's claim for on-call back pay for lack of jurisdiction. Appx. 1–9. Under 5 U.S.C. § 7512(4), the Board has jurisdiction over an appeal of "a reduction in pay." For purposes of such an appeal, "pay" is defined as "the rate of basic pay . . . for the position held by an employee." 5 U.S.C. § 7511(a)(4). Premium pay, which is pay in addition to an employee's basic pay, is excluded from this definition. 5 C.F.R. § 752.402 ("Pay means the rate of basic pay . . . before any deductions and exclusive of additional pay of any kind."); *Nigg v. Merit Sys. Prot. Bd.*, 321 F.3d 1381, 1385 (Fed. Cir. 2003) ("By statute, however, the term 'reduction in pay' refers to a reduction in basic pay, not a reduction in premium pay.").

On-call pay is a type of premium pay because it is in addition to an employee's basic pay. This court's prior cases on availability pay, which is akin to on-call pay, confirm this. *Nigg*, 321 F.3d at 1385 ("This court has specifically held that availability pay is a type of premium pay and not part of the 'rate of basic pay' for a position within the meaning of section 7511(a)(4)."); *see also Martinez v. Merit Sys. Prot. Bd.*, 126 F.3d 1480, 1482 (Fed. Cir. 1997) ("Since availability pay is premium pay, it is not part of the 'rate of basic pay' . . . ."). An alleged failure to pay on-call hours, therefore, does not fall within "a reduction in pay" under the statute. Accordingly, the Board properly dismissed Ms. Marshall's claim for on-call back pay for lack of jurisdiction.

The Board properly dismissed Ms. Marshall's involuntary retirement claim for lack of jurisdiction. Appx. 1–9. "A decision to resign or retire is presumed to be voluntary, and an employee who voluntarily retires has no right to appeal to the Board." *Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1123–24 (Fed. Cir. 1996). To overcome the presumption and show the "retirement was involuntary and thus tantamount to forced removal"—a claim over which the Board has jurisdiction—the employee must prove by a preponderance of the evidence that her retirement was involuntary. *Id.* at 1124; *Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1341 (Fed. Cir. 2001). Typically, employees prove involuntary retirement by showing: (1) "the agency proposed or threatened an adverse action against the employee;" (2) "the agency misinformed or deceived the employee;" or (3) "the agency coerced the employee to involuntarily resign or retire, for example, by creating working conditions so intolerable for the employee that he or she is driven to involuntarily resign or retire." *Shoaf*, 260 F.3d at 1341. Ms. Marshall's claim could be read as one alleging coercion.

In assessing involuntary coercion by an agency, this court has adopted the *Fruhauf* test:

> [T]o establish involuntariness on the basis of coercion this court requires an employee to show: (1) the agency effectively imposed the terms of the employee's resignation or retirement; (2) the employee had no realistic alternative but to resign or retire; and (3) the employee's resignation or retirement was the result of improper acts by the agency.

*Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (citing *Fruhauf Sw. Garment Co. v. United States*, 111 F. Supp. 945, 951 (Ct. Cl. 1953)). The elements in the *Fruhauf* test are "evaluated from the perspective of the reasonable employee confronted with similar

circumstances." *Garcia*, 437 F.3d at 1329. In applying this objective test, "freedom of choice is a central issue." *Id.* For example, coercion does not apply where the employee had a choice to fight the improper discharge for cause but chose not to. *Id.* (citing *Christie v. United States*, 518 F.2d 584, 587 (Ct. Cl. 1975)). On the other hand, examples of coerced retirement include where the retirement "is induced by a threat to take disciplinary action that the agency knows could not be substantiated" or "when the agency has taken steps against an employee, not for any legitimate agency purpose but simply to force the employee to quit." *Staats*, 99 F.3d at 1124.

Ms. Marshall argued before the Board that she was forced to retire prematurely because the VA failed to properly pay her for on-call hours, and she was subjected to harassment and discriminatory comments when she tried to collect back pay for on-call hours. Appx. 42; Appx. 69. Regarding harassment and discrimination, which Ms. Marshall alleges stemmed from her efforts to acquire on-call back pay, Ms. Marshall asserts that she had feelings of offense and apprehension at work; was referred to as "the elderly individual;" experienced a deterioration in her mental well-being; experienced a work atmosphere characterized by hostility; encountered feelings of fear and anguish; and was prescribed medication to assist her in managing her daily responsibilities at work. Appx. 42.

We see no error in the Board's decision that Ms. Marshall failed to show that a reasonable employee would have had no choice but to retire under these circumstances. *Garcia*, 437 F.3d at 1329. As the Board explained, to the extent Ms. Marshall believes she was subjected to any improper actions based on her age or sex, she could have sought redress for these actions via proper channels, rather than retire. Appx. 7–8; *Christie*, 518 F.2d at 587 ("The fact remains, plaintiff had a choice. She could stand pat and fight. She chose not to."). While it may have been an unpleasant prospect to pursue a different remedy, "the fact

that an employee is faced with an unpleasant situation or that his choice is limited to two unattractive options does not make the employee's decision any less voluntary." *Garcia*, 437 F.3d at 1329 (citing *Staats*, 99 F.3d at 1124). As this Court has routinely held, there cannot be coercion when the petitioner had another option besides retiring. *Staats*, 99 F.3d at 1124. We find no error in the Board's conclusion that a reasonable employee in Ms. Marshall's circumstances would not have felt that she had no other option but to retire. The Board appropriately dismissed Ms. Marshall's claims of on-call back pay and involuntary retirement for lack of jurisdiction.

## CONCLUSION

We have considered Ms. Marshall's remaining arguments and find them unpersuasive. We affirm the Board's dismissal for lack of jurisdiction.

## **AFFIRMED**

### COSTS

No costs.