# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KRISTEN M. LAURITANO,

        Appellant,

    v.

DEPARTMENT OF
    TRANSPORTATION,

        Agency.

DOCKET NUMBER
PH-3443-20-0157-I-2

DATE: January 27, 2025

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>William Blakely</u>, Esquire, Great Falls, Virginia, for the appellant.

<u>Daniel P. Kohlmeyer</u>, Esquire, Jamaica, New York, for the agency.

<u>Christopher R. Lopez</u>, Esquire, Des Plaines, Illinois, for the agency.

## BEFORE

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

*The Board members voted on this decision before January 20, 2025.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal in part for lack of jurisdiction, and in part as untimely filed. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was an Air Traffic Control Specialist (ATCS) for the agency, stationed in Morristown, New Jersey. *Lauritano v. Department of Transportation*, MSPB Docket No. PH-3443-20-0157-I-1, Initial Appeal File (IAF), Tab 11 at 13. By memorandum dated April 16, 2018, the agency discontinued her ATCS training at the New Jersey facility. IAF, Tab 10 at 43.

The appellant responded by requesting to be reassigned to a lower-level tower facility in the agency's eastern region. *Id*. at 44. Although the appellant's supervisor recommended her removal after the discontinuation of her ATCS training, the agency instead approved her reassignment to one of two lower-level facilities in Alaska—Fairbanks or Dillingham. *Id*. at 32-33, 40. The appellant's first choice was Dillingham, and the agency extended her an offer for that position, but the appellant ultimately declined it. *Id*. at 24-26. Effective October 20, 2018, the agency removed the appellant from her position for failure to demonstrate skills essential to ATCS duties at the Certified Professional Controller/Full Performance Level status. IAF, Tab 10 at 12-15, Tab 11 at 13.

Prior to her removal, on September 11, 2018, the appellant filed an equal employment opportunity (EEO) complaint, alleging that she was subjected to discrimination and harassment based on sex, perceived disability, and reprisal for prior EEO activity when the agency discontinued her ATCS training and recommended her employment retention at a lower-level facility in Alaska. IAF,

Tab 7 at 22-33. On December 31, 2019, the agency issued a final decision finding no discrimination. IAF, Tab 1 at 17-41.

On January 29, 2020, the appellant filed a Board appeal, contesting her removal and the various agency actions and decisions leading up to it. IAF, Tab 1. She requested a hearing. *Id.* at 1. Without holding the appellant's requested hearing, the administrative judge dismissed the appeal, in part for lack of jurisdiction and in part as untimely filed. *Lauritano v. Department of Transportation*, MSPB Docket No. PH-3443-20-0157-I-2, Appeal File (I-2 AF), Tab 8, Initial Decision (ID) at 2. Specifically, he found that the Board lacks jurisdiction over the several non-removal actions that the appellant was attempting to appeal and that with respect to the removal itself, the appeal was untimely by more than 14 months, without good cause shown for the delay. ID at 5-9. The administrative judge acknowledged that the appellant filed her appeal within 30 days of receiving the final agency decision on discrimination, but he found that the removal was not a subject of the EEO complaint. ID at 6-8.

The appellant has filed a petition for review, disputing the administrative judge's analysis and providing additional documentation in support of her case. Petition for Review (PFR) File, Tab 1. The agency has responded to the petition for review, and the appellant has filed a reply to the agency's response.[2] PFR File, Tabs 3, 4.

**ANALYSIS**

Jurisdiction

The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit*

---

[2] After the close of the record on review, the appellant filed a motion to supplement the record with further briefing in light of a nonprecedential order that the Board issued in another appeal. PFR File, Tab 6. We deny the motion on the basis that the record is already sufficiently developed to rule in the appellant's favor on the issue that she seeks to address.

*Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). For the reasons explained in the initial decision, we agree with the administrative judge that, in the context of this appeal, the Board lacks independent jurisdiction over the discontinuation of the appellant's ATCS training and her directed reassignment to Alaska.[3]  ID at 5-6.  *See Kirwan v. Department of Transportation*, 88 M.S.P.R. 445, ¶ 6 (2001); *Roush v. Department of the Interior*, 59 M.S.P.R. 113, 117 (1993).

Regarding the reassignment in particular, the Board generally lacks jurisdiction over a reassignment that does not result in a reduction in grade or pay. *White v. U.S. Postal Service*, 117 M.S.P.R. 244, ¶ 13 (2012); *Lopez v. Department of the Navy*, 108 M.S.P.R. 384, ¶ 18 (2008).  "Pay" for these purposes means the rate of basic pay fixed by law or administrative action for the position held by an employee, and it does not include locality or premium pay. 5 U.S.C. § 7511(a)(4); *Nigg v. U.S. Postal Service*, 91 M.S.P.R. 164, ¶ 12 (2002), *aff'd* 321 F3d. 1381 (Fed. Cir. 2003); *Shifflett v. Department of the Navy*, 83 M.S.P.R. 472, ¶ 5 n.2 (1999).  This limitation is consistent with the Office of Personnel Management's regulations governing adverse actions, which provide that pay is the "basic pay fixed by law or administrative action . . . before any deductions and exclusive of additional pay of any kind."  5 C.F.R. § 752.402.

On review, the appellant disputes the administrative judge's statement that her directed reassignment to Alaska offered her higher pay than her position in New Jersey.  PFR File, Tab 1 at 24.  We agree with the appellant that neither position in Alaska would have offered her "a greater salary" than her position in New Jersey.  ID at 6.  However, this does not change the result.

The base annual salary of $57,162 was the same for the positions in New Jersey and Alaska.  IAF, Tab 10 at 24, Tab 11 at 13.  In New Jersey, the appellant

---

[3] Arguably, the offer of reassignment is not a "directed reassignment" in the traditional sense.  However, the consequences to the appellant were the same—either accept the reassignment or face removal.

received 32.13% in locality pay, and in Alaska, she would have received both 28.02% in locality pay and a 5.30% Cost of Living Adjustment (COLA). IAF, Tab 10 at 24, Tab 11 at 13. However, in New Jersey, the appellant also received Controller Incentive Pay (CIP) such that her net pay in that position was $3,148 greater than the pay she would have received in Alaska.[4] *Id*. at 24-25, Tab 11 at 13. As a result of a reduction in the various kinds of premium pay, the appellant would have suffered a reduction in net pay had she relocated to Alaska. However, because locality pay, COLAs, and CIPs are not part of basic pay, they do not figure into the calculation for purposes of the jurisdictional analysis. We find that the appellant's "basic rate of pay" would have been the same in either New Jersey or Alaska, and so the directed reassignment did not entail a reduction in pay appealable under 5 U.S.C. chapter 75.

Nevertheless, we find, and it is undisputed, that the appellant's October 20, 2018 removal is within the Board's jurisdiction. *See* 5 U.S.C. § 7512(1).

Timeliness

If an employee files a formal complaint of discrimination concerning an otherwise appealable action, she may file a Board appeal within 30 days of receiving the agency's final decision on the discrimination issue, or if she has not received the agency's decision, at any time after 120 days from filing her complaint. 5 C.F.R. § 1201.154(b). In his initial decision, the administrative judge found that this provision does not apply to the instant appeal because the appellant did not include her removal as an issue in her discrimination complaint. ID at 6-8. On review, the appellant argues that she raised her removal in her September 11, 2018 discrimination complaint and in an October 21, 2019 letter amending that complaint.[5] PFR File, Tab 1 at 17, 21. We find that the appellant's original complaint could not have included her removal because it

---

[4] The U.S. Court of Federal Claims has explained that CIP is a sum of money paid in addition to salary; thus, it is premium pay. *Abbey v. United States*, 99 Fed. Cl. 430, 439, 441 (2011).

predated the removal. However, for the reasons discussed below, we agree with the appellant that she successfully amended her discrimination complaint to include her removal.

On October 21, 2019—13 months after she filed her formal complaint of discrimination and 12 months after the effective date of her removal—the appellant sent a letter to the Chief of the Case Management Branch of the agency's Equal Employment Complaints and Investigations Division. IAF, Tab 7 at 41-43. The appellant requested that the agency accept the letter to amend her complaint. *Id*. at 41. The gravamen of the letter was that the complaint should be processed as a mixed case complaint, i.e., a claim of discrimination that includes a matter directly appealable to the Merit Systems Protection Board—in this case, the appellant's "termination" from service after her probationary period had expired.[6] *Id*. at 41-43.

---

[5] The Board generally will not consider evidence and argument filed for the first time on petition for review, absent a showing that it was previously unavailable despite the party's due diligence. *See Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 19 n.12 (2016). In this case, however, the administrative judge did not clearly notify the appellant of the timeliness issue in her appeal until the initial decision was issued. *Cf. Wright v. Department of Transportation*, 99 M.S.P.R. 112, ¶ 12 (2005) ("The appellant is entitled to clear notice of the precise timeliness issue and a full and fair opportunity to litigate it."). We therefore find it appropriate to consider the evidence and argument that the appellant has filed on review to the extent that it pertains to the issue of timeliness.

[6] In the context of civil service law, the word "termination" has a very specific meaning. As relevant here, "termination" refers to an involuntary separation from service under the provisions of 5 C.F.R. part 315, subpart H, as opposed to "removal," which refers to an involuntary separation from service under the provisions of 5 U.S.C. chapter 75. *Compare* 5 C.F.R. § 315.804(a), *with* 5 C.F.R. § 752.401(a)(1). In this case, the appellant's representative loosely referred to her removal as a "termination" both in the complaint of discrimination and in the instant Board appeal. IAF, Tab 6 at 6-9, Tab 7 at 41-43. To make matters worse, one of the issues that the appellant clearly raised in her initial complaint of discrimination was an April 16, 2018 agency memorandum styled "Decision Regarding Proposed Termination of Training." IAF, Tab 7 at 29-31, 10 at 43. It appears that the agency's EEO office was confused about which "termination" was at issue in the discrimination complaint. This confusion has resulted in an unnecessary delay in processing this case. We caution both parties to be cognizant of the issue going forward, to refer to a removal as a "removal," to refer to a

Ten days later, on October 31, 2019, the Chief of Case Management sent the appellant a letter, acknowledging receipt of the appellant's amendment and agreeing with her that her complaint was a mixed case with respect to Claim 1 in the Report of Investigation, "as the claim of termination is related to or stems from actions appealable to the Merit Systems Protection Board."  IAF, Tab 7 at 46-47.  Neither party filed a copy of the Report of Investigation itself, but it appears from the agency's final decision that Claim 1 concerned the "termination" of the appellant's ATCS training—not the "termination" of her employment.  IAF, Tab 1 at 19.  As explained above, the discontinuation of training was not an employment action otherwise appealable to the Board, and the parties' undisciplined use of the word "termination" seems to have led the Chief of Case Management to believe that Claim 1 pertained to a removal within the Board's jurisdiction.  *Supra* pp. 4, 6; IAF, Tab 7 at 47.  In any event, the investigation had already concluded 2 days before, and based on the final agency decision, it does not appear that the agency investigated, much less decided, the removal issue per se.  IAF, Tab 1 at 19-41.

Nevertheless, we find that the appellant's October 21, 2019 letter was sufficient to amend her complaint to include her October 20, 2018 removal. Under 29 C.F.R. § 1614.106(d), "A complainant may amend a complaint at any time prior to the conclusion of the investigation to include issues or claims like or related to those raised in the complaint."  There is no requirement that the complainant seek counseling on her amended claims, and the 45-day time limit of 29 C.F.R. § 1614.105(a)(1) does not apply.  *Braxton v. U.S. Postal Service*, EEOC Appeal No. 0120102410, 2010 WL 4388483 at *2 (Oct. 29, 2010).

In this case, we find that the appellant's removal was related to the employment actions raised in her original complaint because they were all part of the same continuum of employment actions.  Indeed, the notice of proposed

---

termination as a "termination," and to consider using other terms to refer to other matters, such as, for example, a "discontinuation" of training.

removal discussed both the discontinuation of training and the declination of reassignment at length. IAF, Tab 9 at 22-23. In addition, the appellant filed her amendment on October 21, 2019, which was prior to the conclusion of the investigation on October 28, 2019. IAF, Tab 1 at 20, Tab 7 at 41-43. Therefore, the appellant's October 21, 2019 letter met all of the requirements of 29 C.F.R. § 1614.106(d). To be sure, the agency could have processed the amendment as a separate complaint, especially considering that the appellant filed it within days of the deadline for completing the investigation, and it concerned a matter directly appealable to the Board. *See* Equal Employment Opportunity Commission, Management Directive 110, ch. 5 §§ II.A.1, III (Aug. 5, 2015). However, we find that, in either case, the removal claim was timely raised under the terms of 29 C.F.R. § 1614.106(d). The agency was not free to reject or ignore the appellant's amendment just because she filed it close to the deadline for completing the investigation.

To the extent that the removal claim should be considered as an amendment to the appellant's formal complaint of September 18, 2018, her Board appeal was timely under 5 C.F.R. § 1201.154(b)(1), having been filed within 30 days of her receipt of the final agency decision. IAF, Tab 1 at 17, 44. To the extent that the removal claim should be considered a timely amendment for the agency to process separately, the appellant's January 29, 2020 Board appeal would have been premature, but because more than 120 days have now passed, it is ripe for adjudication. *See Moore v. Department of Justice*, 112 M.S.P.R. 382, ¶ 19 (2009); 5 C.F.R. § 1201.154(c).

For these reasons, we find that the appellant's removal is within the Board's jurisdiction and that her appeal of that removal was timely filed. The appellant is therefore entitled to an adjudication of the merits, to include her requested hearing.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.