NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3293

ALBERT E. BIVINGS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

DEPARTMENT OF THE ARMY,

Intervenor.

Albert E. Bivings, of Peachtree City, Georgia, pro se.

Michael A. Carney, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were B. Chad Bungard, General Counsel, and Calvin M. Morrow, Acting Assistant General Counsel for Litigation.

Lauren S. Moore, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, for intervenor.  With her on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.

Appealed from:  Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3293

ALBERT E. BIVINGS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

DEPARTMENT OF THE ARMY,

Intervenor.

Petition for review from the Merit Systems Protection Board in AT0752080060-I-1.

_____

DECIDED:    December 5, 2008

_____

Before NEWMAN, PLAGER, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Albert E. Bivings ("Bivings") petitions for review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. <u>Bivings v. Dep't of the Army</u>, AT0752080060-I-1 (M.S.P.B. May 16, 2008) ("<u>Final Decision</u>"). We <u>affirm</u>.

BACKGROUND

Bivings was employed by the Department of the Army ("the agency") as a GS-13 Wildlife Biologist. On January 21, 2007 he was converted from the GS-level based

employment rating system to the Department of Defense's ("DOD") National Security Personnel System ("NSPS").

On August 14, 2007, Bivings attended a retirement seminar. One thing this seminar addressed was that, even though the NSPS merit rating period ended in September, bonuses could only be received by those employees still employed in February of the following year. Bivings emailed the agency's Human Resources department about this requirement on August 16, 2007, and was told that employees who retired prior to the first pay period of 2008 would not be eligible to receive a performance payout.

On October 2, 2007, Bivings voluntarily retired from the agency, and the agency did not pay Bivings a performance-based payout in January 2008. Bivings filed an appeal with the Board. Bivings argued that the refusal to grant him his January 2008 payout was arbitrary and capricious.

On February 8, 2008, the administrative judge ("AJ") issued an Initial Decision dismissing the appeal for lack of jurisdiction on the ground that Bivings was seeking to receive a bonus and such acts did not constitute a "reduction in pay" under the Board's jurisdiction. The Initial Decision became the final decision of the Board when the Board denied Bivings's petition for review. Final Decision, slip op. at 1-2.

We have jurisdiction over Bivings's petition pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Pursuant to 5 U.S.C. § 7703(c), we must affirm a decision of the Board unless we find it to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or

regulation having been followed; or (3) unsupported by substantial evidence. <u>See</u> <u>Kewley v. Dep't of Health & Human Servs.</u>, 153 F.3d 1357, 1361 (Fed. Cir. 1998). Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which this Court reviews <u>de novo</u>. <u>Forest v. Merit Sys. Prot. Bd.</u>, 47 F.3d 409, 410 (Fed. Cir. 1995). The appellant has the burden of establishing the Board's jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i).

The Board has jurisdiction to review a "reduction in pay." 5 U.S.C. § 7512(4). "Pay" is defined as "the rate of basic pay fixed by law or administrative action for the position held by the employee." 5 U.S.C. § 7511(a)(4). "By statute . . . the term 'reduction in pay' refers to a reduction in basic pay, not a reduction in premium pay." <u>Nigg v. Merit Sys. Protection Bd.</u>, 321 F.3d 1381, 1385 (Fed. Cir. 2003). Therefore, "bonus or premium pay is not part of basic pay and . . . the loss of or reduction in such pay is not appealable to the Board as a reduction in pay." <u>Riojas v. U.S. Postal Serv.</u>, 88 M.S.P.R. 230, 233 (M.S.P.B. 2001).

The DOD NSPS performance payouts come from a pay pool consisting of three sources: (1) basic pay funds that were historically used on within-grade increases, quality-step increases, and promotions between General Schedule grade levels that no longer exist under NSPS; (2) government-wide general pay increases; and (3) bonus pay. <u>See</u> Subchapter 1930.9.3.1 of DOD manual 1400.25-M. Under the pay pool approach, Bivings might have expected two types of payments from the pool: first, an increase in basic pay for the future and, second, a bonus for past performance. Because Bivings retired before the January NSPS performance payouts, he had no basis to claim increased basic pay. His only claim, therefore, is that he should have

received a payment for past performance. Bivings argues that this performance payout is not a bonus, but part of basic pay under the new NSPS system.

Subchapter 1930.9.4 of DOD manual 1400.25-M makes clear that, apart from salary increases, NSPS payments are "bonuses." 5 C.F.R. § 9901.342. The January performance-based payouts sought by Bivings are defined as "increases to base salaries, bonuses, or a combination of the two." Id. Since Bivings could not receive salary increases, the only payments he would have been entitled to would be bonuses. As the Board has no jurisdiction to review the denial of bonus pay, the Board had no jurisdiction to review the denial of Bivings's January 2008 performance-based payout.

For the foregoing reasons, the decision of the Board is affirmed.

COSTS

No costs.