**Eric M. KANE, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 98–3191.

United States Court of Appeals, Federal Circuit.

April 27, 2000.

Eric M. Kane, pro se, of Frankfort, New York.

Joyce G. Friedman, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were Mary L. Jennings, General Counsel, and Martha B. Schneider, Assistant General Counsel.

Before MAYER, Chief Judge, PLAGER and LOURIE, Circuit Judges.

MAYER, Chief Judge.

Eric M. Kane seeks review of the February 17, 1998, decision of the Merit Systems Protection Board, MSPB Docket No. CB1216960013–T–1, approving and adopting the portions of the recommended decision of the Chief Administrative Law Judge (CALJ) holding that Kane violated the Hatch Act, 5 U.S.C. § 7323(a)(3) (1994) and 5 C.F.R. § 734.304 (1999), and ordering his removal from his position with the Postal Service. The board did not adopt the CALJ's recommendation that Kane be barred from future employment with the Postal Service. We affirm.

### Background

Kane was originally hired by the Postal Service in July 1989 as a Rural Carrier Associate to work every other Saturday and also to fill in for other mail carriers while they were on leave. In 1987, he was elected to a four year term as the Town of Schuyler Tax Assessor in Schuyler, New York. Prior to filing as a candidate for reelection, Kane requested advice from the Office of Field Legal Services for the Postal Service about the possibility of a Hatch Act violation. In 1991, he filed as a Republican candidate for reelection and subsequently won the general election.

In early November 1991, the Postal Service scheduled him to work every Saturday. The United States Office of Special Counsel notified Kane by letter dated April 9, 1992, that he had violated the Hatch Act by becoming a candidate for reelection. The letter informed Kane that he was considered a regularly scheduled part-time carrier since his hire in 1989 and that the limitations on political activity of the Hatch Act were fully applicable to him. No disciplinary proceedings were taken for this alleged violation because Kane's earlier request for advice had not been answered in time for him to cure the violation. The letter advised that becoming a candidate in a partisan election in the future would be considered "a willful and knowing violation of the law."

In 1995, Kane's attorney requested clarification of the applicability of the Hatch Act to Kane considering the recent changes to the Act, Kane's "uncertain employment classification with the Post Office," and his stated intention to seek reelection in 1995. The Postal Service responded by citing the 1992 employment classification by the Special Counsel and advised him that he was a covered employee and would be in violation of the Hatch Act if he participated in a partisan election. This advice notwithstanding, Kane became a candidate in the Republican primary election held September 12, 1995, and the general election held November 7, 1995. The Special Counsel subsequently charged Kane with violating the Hatch Act, 5 U.S.C. § 7323(a)(3) and 5 C.F.R. § 734.304, for participating in the 1995 elections.

The CALJ found jurisdiction, sustained the charge, and recommended that Kane be removed from his position with the Postal Service and barred from future employment. The board adopted the CALJ's decision finding a violation of the Hatch Act and his recommendation of removal, but found that the penalty of debarment was not authorized by the Act. This appeal followed.

## Discussion

Our review is limited to setting aside any action that is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994).

■ An employee may not "run for the nomination or as a candidate for election to a partisan political office." *Id.* § 7323(a)(3); *see also* 5 C.F.R. § 734.304. For purposes of the Hatch Act, " 'employee' means any individual . . . employed or holding office in (A) an Executive Agency other than the General Accounting Office; [or] (B) a position within the competitive service which is not in an Executive agency . . . ." 5 U.S.C. § 7322(1) (1994). For the purposes of Title 5, "Executive Agency" is defined as "an Executive department, a Government corporation, and an independent establishment." *Id.* § 105. The Postal Service is generally considered "an independent establishment of the Executive branch." 39 U.S.C. § 201 (1994). However, the Postal Reorganization Act simultaneously established the Postal Service as an independent establishment of the executive branch under Title 39 and modified the definition of "independent establishment" under 5 U.S.C. § 104, which governs actions under Title 5, to read, in pertinent part, "[f]or the purposes of this title, 'independent establishment' means (1) an establishment in the executive branch *(other than the United States Postal Service or the Postal Rate Commission)* . . . ." 5 U.S.C. § 104 (1994) (underlined portion added by the Postal Reorganization Act). *See* Postal Reorganization Act, Pub.L. 91–375, 84 Stat. 720 (1970). Therefore, the Postal Service has been specifically excluded from the definition of an independent establishment for the purposes of Title 5 since 1970. Because the

Postal Service is also neither an Executive department nor a government corporation, it is not an "Executive agency" for the purposes of Title 5. Kane was not employed by an executive agency; therefore, he does not fall under the definition of "employee" of 5 U.S.C. § 7322(1). This defeats the jurisdictional premise relied upon by the CALJ under the Hatch Act as modified by the Postal Reorganization Act.

However, the Hatch Act was amended by the Hatch Act Reform Amendments of 1993, Pub.L. No. 103–94, 107 Stat. 1001 (1993). The effect of these amendments was to make certain provisions of Title 5, including chapter 73 (suitability, security, and conduct of employees) which includes the Hatch Act provisions at issue here, applicable to the Postal Service. *See* 39 U.S.C. § 410(b)(1) (1994) ("The following provisions [of Title 5] shall apply to the Postal Service: . . . [Chapter] 73 . . . except that no regulation issued under such chapters . . . shall apply to the Postal Service unless expressly made applicable."). As of the effective date of the Hatch Act Reform Amendments of 1993, 120 days after October 6, 1993, Postal Service employees became subject to the restrictions on political activity of the Hatch Act. *See* Hatch Act Reform Amendments of 1993 § 12(a).[1]

The Office of Personnel Management (OPM) subsequently promulgated regulations implementing the Reform Amendments which explicitly define the term "employee" for the purposes of 5 C.F.R. Part 734 (Political Activities of Federal Employees) to include "any individual . . . employed or holding office in . . . [t]he United States Postal Service or the Postal Rate Commission." 5 C.F.R. § 734.101 (1999). As a result, the regulation that states that "[a]n employee may not run for the nomination or as a candidate for election to partisan political office . . .", *id.* § 734.304, was expressly made applicable

---

1. The Reform Amendments specifically stated that, "[n]o provision of this Act shall affect any proceedings with respect to which the charges were filed on or before the effective date of the amendments made by this Act." Hatch Act Reform Amendments of 1993 § 12(b).

to Postal Service employees. The board therefore had jurisdiction to consider the charges against Kane.

In its complaint, the Special Counsel alleged that Kane had been employed by the Postal Service since 1989 and that in 1995 he violated 5 U.S.C. § 7323(a)(3) as a candidate in the Republican Party primary and general election for the position of Assessor in the Town of Schuyler, New York. Kane did not deny these allegations and did not object to the statement of the CALJ that he "appeared to have admitted, in effect, that [the Special Counsel's] factual allegations concerning his candidacy are true." The partisan nature of the elections and Kane's participation are therefore not in dispute. *See* 5 C.F.R. § 1201.124(c) (1999) ("Unanswered allegations may be considered admitted and may form the basis of the administrative law judge's decision.").

■ Kane disputes the applicability of the Hatch Act to his conduct, claiming that he was a part-time or occasional employee of the Postal Service and was, therefore, only barred from campaigning on the days he actually worked for the federal government. The restrictions on political activity of the Hatch Act apply to "[a]n employee who works on an irregular or occasional basis or is a special Government employee ... when he or she is on duty." 5 C.F.R. § 734.601 (1994).[2] The regulations provide, as an example, that "[a]n employee appointed to a special commission or task force who does not have a regular tour of duty may run as a partisan political candidate, but may actively campaign only when he or she is not on duty." *Id.* The board properly applied this clarifying example to conclude that an employee is only considered irregular or occasional if he does not have a regular tour of duty. Its conclusion that Kane did not qualify as an irregular or occasional employee of the Postal Service because he worked every Saturday and therefore had a regular tour of duty

was supported by substantial evidence. The board's conclusion that Kane was subject to the restrictions of 5 U.S.C. § 7323(a)(3) and 5 C.F.R. § 734.304, even on a day when he was not actually performing the duties of his position, is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

■ Kane challenges the reasonableness of the penalty. "An employee or individual who violates section 7323 ... shall be removed from his position ... [unless] the [board] finds by unanimous vote that the violation does not warrant removal...." 5 U.S.C. § 7326 (1994). In determining whether to mitigate the statutory penalty, the board considers the nature of the offense and the extent of the employee's participation, the employee's past employment record, the political coloring of the employee's activities, whether the employee had received advice of counsel regarding the activities and whether the employee had ceased the activities, and the employee's motive and intent. The CALJ found in his recommended decision that only the political coloring factor provided support for imposing a penalty less severe than removal and four of the remaining five factors weighed against Kane. The CALJ thus found mitigation of the statutory penalty of removal to be unwarranted and the board affirmed that determination. The penalty of removal is mandated by statute and it was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law for the board to decline to mitigate the penalty.

*Conclusion*

Accordingly, the decision of the board is affirmed.

*AFFIRMED*

---

2. Kane now argues for the first time on appeal that he should be considered a "special Government employee as defined in 18 U.S.C.

§ 202(a)." We will not consider this argument because it was not made to the board.