Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3426

JEFFREY W. EISINGER,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Jeffrey W, Eisinger, of Fresno, California, pro se.

Jeffrey A. Gauger, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Appealed from:  United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3426

JEFFREY EISINGER

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:   June 8, 2007

_____

Before MICHEL, <u>Chief Judge</u>, HOLDERMAN, <u>Chief Judge</u> [*], and GAJARSA, <u>Circuit Judge.</u>

PER CURIAM.

Jeffrey Eisinger ("Mr. Eisinger") appeals from a final decision of the Merit Systems Protection Board ("Board").  <u>Special Counsel v. Eisinger</u>, 103 M.S.P.R. 252 (2006) ("<u>Final Decision</u>").  The Board determined that Mr. Eisinger had violated the Hatch Act, 5 U.S.C. §§ 7321-26, which prohibits federal employees from engaging in certain partisan political activities.  <u>Final Decision</u> at 253.  The Board further determined that removal was the appropriate penalty for Mr. Eisinger's violation of the Act.  <u>Id.</u>  We <u>affirm</u>.

---

[*]     Honorable James F. Holderman, Chief Judge, United States District Court for the Northern District of Illinois, sitting by designation.

BACKGROUND

The facts of this case are not in dispute. The parties stipulated to the relevant facts in the proceeding before the board.

Mr. Eisinger was employed as a staff attorney with the United States Small Business Administration ("SBA") in Fresno, California until his removal as a result of the present litigation. He admits that he "was aware of the Hatch Act and knew that the Hatch Act prohibited federal employees from engaging in partisan political activity while at work." However, Mr. Eisinger also admits that from the fall of 2001 to September 2004 he conducted political activity while on duty or while in a room or building occupied in the discharge of official duties, in violation of the Hatch Act. Mr. Eisinger's political activities related to several positions that he held within the Green Party of California, a state political party. Specifically, during the relevant time period he used his government e-mail account to send numerous messages "that were directed toward the success of the Green Party," he "[h]eld telephone conversations that were directed toward the success of the Green Party," and he "[u]sed his government computer to draft documents that were directed toward the success of the Green Party."

As a result of Mr. Eisinger's conduct of political activities while at work as a government employee, the OSC filed a complaint with the Board for violations of the Hatch Act. The complaint was tried before an administrative law judge ("ALJ") who issued an initial decision on November 17, 2005. Special Counsel v. Eisinger, No. CB-1216-05-0011-T-1 (M.S.P.B. Nov. 17, 2005) ("Initial Decision"). The ALJ found that Mr. Eisinger had violated the Hatch Act and that he should therefore be removed from his position with the SBA. Initial Decision at 19. On August 9, 2006, the Board issued a

final decision and order accepting and adopting the ALJ's reasoning and findings. Final Decision at 252. As a result, the Board ordered the SBA to remove Mr. Eisinger from his position as a staff attorney. Id.

Mr. Eisinger filed an appeal to this court from the Board's decision. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

This court must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); Barrett v. Soc. Sec. Admin., 309 F.3d 781, 785 (Fed. Cir. 2002).

The Hatch Act "prohibits covered government employees from engaging in certain partisan political activities." McEntee v. Merit Sys. Prot. Bd., 404 F.3d 1320, 1322 (Fed. Cir. 2005). Among the political activities prohibited by the Hatch Act are those engaged in "(1) while the employee is on duty [or] (2) in any room or building occupied in the discharge of official duties by an individual employed or holding office in the Government of the United States or any agency or instrumentality thereof . . . ." 5 U.S.C. § 7324(a). The Act does not prohibit federal employees from engaging in most types of political activities while off-duty. McEntee, 404 F.3d at 1328.

The Hatch Act's prohibitions apply to Mr. Eisinger because he is an "individual . . . employed or holding office in . . . an Executive agency other than the Government Accountability Office . . . ." 5 U.S.C. § 7322(1)(A). Mr. Eisinger admits that he engaged in political activities in support of the Green Party of California while on-duty

at his government job.  The Board therefore properly found that Mr. Eisinger had violated the Hatch Act.

However, Mr. Eisinger argues that removal was not the appropriate penalty for his violations of the Hatch Act.  The Act provides that:

> An employee or individual who violates sections 7323 or 7324 of this title shall be removed from his position, and funds appropriated for the position from which removed thereafter may not be used to pay the employee or individual.  However, if the Merit Systems Protection Board finds by unanimous vote that the violation does not warrant removal, a penalty of not less than 30 days' suspension without pay shall be imposed by direction of the Board.

5 U.S.C. § 7326.  In determining whether a penalty other than removal should be imposed, this court has stated that the Board should consider the following Purnell factors: "[1] the nature of the offense and the extent of the employee's participation, [2] the employee's past employment record, [3] the political coloring of the employee's activities, [4] whether the employee had received advice of counsel regarding the activities[,] [5] whether the employee had ceased the activities, and [6] the employee's motive and intent."  Kane v. Merit Sys. Prot. Bd., 210 F.3d 1379, 1382 (Fed. Cir. 2000); Special Counsel v. Purnell, 37 M.S.P.R. 184, 200 (1988).

In deciding that removal was the appropriate penalty for Mr. Eisinger's violation, the Board considered each of the Purnell factors as well as several other factors raised by Mr. Eisinger.  The additional factors included the lack of notoriety of the offense, that he did not receive any specific warnings from OSC, his potential for rehabilitation, and unusual job tensions that were present at the time of the violations.  Initial Decision at 18.

Mr. Eisinger argues that the Board erred by applying a penalty inconsistent with those imposed in other Hatch Act cases where the penalty was mitigated. However, many of the cases cited by Mr. Eisinger are settled cases and are therefore of limited precedential value. See, e.g., Special Counsel v. Spada, 66 M.S.P.R. 526 (1995); Special Counsel v. Andrezjwski, 63 M.S.P.R. 495 (1994). Further, the Board analyzed each of the cited cases but found them to be significantly different from Mr. Eisinger's. Here, Mr. Eisinger, by his own admission, engaged in a significant amount of political activity while at work over a three year period. None of employees in the cases cited by Mr. Eisinger devoted nearly the amount of time as Mr. Eisinger to the activities that violated the Hatch Act. See, e.g., Special Counsel v. Malone, 84 M.S.P.R. 342 (1999); Special Counsel v. Rivera, 61 M.S.P.R. 440 (1994). Because the political activities of the employees in those cases were much more limited than Mr. Eisinger's, the penalties in those cases cannot form a basis for comparison to Mr. Eisinger's penalty. Accordingly, we find that the Board's decision that removal was an appropriate penalty in Mr. Eisinger's situation was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

Mr. Eisinger also argues that the Board made several factual errors in its analysis of the Purnell and other factors. We have reviewed those claims and determine that the Board's findings are supported by substantial evidence. Mr. Eisinger further argues that the Board erred by refusing to stay its proceedings pending the resolution of charges of impropriety against the Special Counsel, by denying his motion to compel discovery of the OCS's investigation manual, by denying his motion for certification for interlocutory appeal from the denial of his discovery request, and by rejecting his affirmative

defenses of laches, the Administrative Procedure Act, and discrimination based on political affiliation. However, we have considered these issues and determine that the Board's decisions with respect to them were not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

## CONCLUSION

We conclude that the Board did not commit legal error in its decision to remove Mr. Eisinger from his position as a staff attorney for the SBA for violations of the Hatch Act. The decision of the Board is therefore affirmed.

No costs.