NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3004

DAVID BRIGGS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

David Briggs, of Ringtown, Pennsylvania, pro se.

Jeffrey A. Gauger, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief was B. Chad Bungard, General Counsel.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3004

DAVID BRIGGS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in CB1216080006-T-1.

_____

DECIDED: April 2, 2009

_____

Before BRYSON, MOORE, and CUDAHY,* <u>Circuit Judges</u>.

PER CURIAM.

David Briggs appeals the decision of the Merit Systems Protection Board (Board) removing him from the Mine and Health Safety Administration (MHSA) for violating the Hatch Act, 5 U.S.C. § 7323(a)(3) and 5 C.F.R. § 734.304. <u>See</u> <u>Special Counsel v. Briggs</u>, CB1216080006-T-1 (M.S.P.B. Aug. 21, 2008) (<u>Final Decision</u>). We <u>affirm</u>.

BACKGROUND

This appeal arises from a complaint filed by the U.S. Office of Special Counsel (OSC) against Mr. Briggs for violating the Hatch Act by running as a candidate for election to a partisan political office while he was employed in an Executive agency.

_____

\* The Honorable Richard D. Cudahy, Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

<u>See</u> § 7323(a)(3). In May 2007, Mr. Briggs won the Democratic primary election for township supervisor in Schuylkill County, Pennsylvania, becoming a candidate in the general election scheduled for November 6, 2007. In June 2007, Mr. Briggs became an employee of MSHA in Pennsylvania, part of the U.S. Department of Labor. On several occasions, MSHA informed Mr. Briggs that he was in violation of the Hatch Act, and directed him to withdraw from the township supervisor election. In October 2007, OSC advised Mr. Briggs that he must resign from MSHA or withdraw from the election. Mr. Briggs did not resign or withdraw, and on December 20, 2007, OSC filed a complaint with the Board against Mr. Briggs alleging that he violated the Hatch Act and requesting that the Board remove him pursuant to § 7326.

In an initial decision, the administrative law judge (ALJ) found that the charges in OSC's complaint were undisputed,[1] concluded that Mr. Briggs violated the Hatch Act, and ordered that Mr. Briggs be removed from his position with MSHA. <u>See</u> <u>Special Counsel v. Briggs</u>, CB-1216-08-0006-T-1 (M.S.P.B. Mar. 13, 2008) (<u>Initial Decision</u>). The ALJ considered the "oddity" that Mr. Briggs "was selected for a federal position after his nomination by the Democratic Party," but nonetheless ruled that Mr. Briggs violated the Hatch Act. In concluding that removal was appropriate, the ALJ considered the relevant factors, <u>see</u> <u>Kane v. Merit Sys. Prot. Bd.</u>, 210 F.3d 1379, 1382 (Fed. Cir. 2000), noting that candidacy for partisan political office is "one of the most conspicuous and unequivocal violations of the Hatch Act" and that the repeated warnings given to Mr. Briggs were "a significant aggravating factor," <u>Initial Decision</u> at 10.

---

[1] Although the ALJ found that Mr. Briggs did not timely file his answer, Mr. Briggs at no point challenged any of OSC's factual allegations—in his answer or otherwise. On appeal, Mr. Briggs does not argue that his answer should be considered.

Following petition for review, the Board affirmed the initial decision as modified. Final Decision at 1. The Board clarified that "[t]he plain language of 5 U.S.C. § 7323(a)(3) indicates that that section prohibits an employee from being a candidate for partisan political office at any time while he is covered by the Hatch Act, and not just from becoming one while he is an employee." Final Decision at 4. Thus, the Board concluded that "[b]y continuing his candidacy after he became a federal employee subject to Hatch Act restrictions, [Mr. Briggs] was 'run[ning] as a candidate for election.'" Id. at 4 (citing § 7323(a)(3)). With regard to the penalty, the Board affirmed the appropriateness of removal, emphasizing that the presumptive penalty for a violation of the Hatch Act is removal. Id. at 5. The Board reiterated the ALJ's finding that Mr. Briggs received repeated warnings and nonetheless persisted in his candidacy for partisan political office. Id. Mr. Briggs now timely appeals.

## DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

The Hatch Act "prohibits covered government employees from engaging in certain partisan political activities." McEntee v. Merit Sys. Prot. Bd., 404 F.3d 1320, 1322 (Fed. Cir. 2005). Among the political activities prohibited by the Hatch Act is "run[ning] . . . as a candidate for election to a partisan political office." § 7323(a)(3). The Hatch Act's prohibitions applied to Mr. Briggs because he was an "individual . . . employed or holding office in . . . an Executive agency other than the Government

Accountability Office . . . ." § 7322(1). Mr. Briggs does not dispute that township supervisor is a partisan political office, or that he was an employee in an Executive agency during his candidacy. Rather, he argues that the Hatch Act did not require him to withdraw from the election because he was nominated prior to accepting government employment. Mr. Briggs argues that the Hatch Act does not bar the holder of a partisan political office from accepting government employment—it would bar him only from running for reelection. Mr. Briggs analogizes his position as nominee to a partisan political office rather than a candidate, arguing that he should have been allowed to complete his candidacy, take office, and complete a single term without violating the Hatch Act. We disagree.

Under the Hatch Act, a covered employee may not "run for the nomination or as a candidate for election to a partisan political office." § 7323(a)(3) (emphasis added). Although it is true that Mr. Briggs had already completed running for the Democratic nomination for township supervisor, he was still a candidate for election to the office at the time he was employed. Therefore, the Board properly found that Mr. Briggs violated the Hatch Act. Mr. Briggs does not appeal the Board's choice of penalty. Accordingly, the decision of the Board is affirmed.

COSTS

No costs.