**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SPECIAL COUNSEL, | DOCKET NUMBER |
| Petitioner, | CB-1216-22-0001-T-1 |
| v. | |
| BEVERLY MILES, | DATE: November 7, 2024 |
| Respondent. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Erica Hamrick and Eric Johnson, Esquire, Washington, D.C.,
　for the petitioner.

Melissa Cuddington, Esquire, and Michael Goldberg, Esquire,
　Chicago, Illinois, for the respondent.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## FINAL ORDER

¶1      The respondent has filed a petition for review of the initial decision, which found that her removal and debarment from Federal employment for 2 years was an appropriate penalty for violating the Hatch Act. The petitioner has filed a cross petition for review of that initial decision. Generally, we grant petitions such as these only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the parties have not established any basis under section 1201.115 for granting the petition for review and cross petition for review. Therefore, we DENY the petition and cross petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The respondent was employed as a nurse at the U.S. Department of Veterans' Affairs (DVA) since 2018. Complaint File (CF), Tab 18 at 3; Hearing Transcript (HT), Vol. 1, at 59-60. The Office of Special Counsel (OSC) filed a Complaint for Disciplinary Action (Violation of the Hatch Act) against the respondent, charging her with a single count of being a candidate for partisan political office in violation of 5 U.S.C. § 7323(a)(3) and 5 C.F.R. § 734.304 for the 2022 election for the Governor of Illinois. CF, Tab 1. OSC subsequently amended its complaint to add a second count, alleging that the respondent

knowingly solicited, accepted, or received political contributions in violation of 5 U.S.C. § 7323(a)(2) and 5 C.F.R. § 734.303. CF, Tab 7.

¶3 In her answers to the complaint, the respondent admitted to being a Federal employee covered by the Hatch Act while running in the 2022 election for Governor of Illinois, a partisan political office. CF, Tab 4 at 4-5, 7. However, she claimed that she did not receive information that Federal employees may not be candidates for public office in partisan elections and that she was unaware that the Hatch Act prohibited her conduct. *Id*. at 4-7. In her answer to the amended complaint, she acknowledged that she accepted political contributions for her gubernatorial candidacy through her campaign website, but she indicated that she did not violate the Hatch Act because she did not solicit those contributions. CF, Tab 11 at 6.

¶4 OSC filed a motion for summary adjudication, arguing that the respondent admitted to all material facts and thus it was entitled to judgment as a matter of law. CF, Tab 10. The respondent opposed OSC's motion, arguing that she presented evidence that raised genuine disputes of material facts. CF, Tab 12. Subsequently, the administrative law judge issued an order granting OSC's motion in part, finding that OSC was entitled to judgment as a matter of law on both counts of its complaint, but that a hearing was necessary to determine the proper penalty to impose on the respondent. CF, Tab 18.

¶5 After holding a hearing, the administrative law judge found that the respondent made a knowing, deliberate decision to proceed with her campaign for election to a partisan political office, including soliciting and receiving political contributions, despite being advised that her gubernatorial candidacy violated the Hatch Act. CF, Tab 38, Initial Decision (ID) at 5-6. The administrative law judge noted that the respondent's Hatch Act violations were highly visible and notorious to the public due to the multiple media interviews she used to publicize and promote her candidacy, and that she continued her political activities even after OSC filed a complaint and up until the primary election day. ID at 5-6. The

administrative law judge then performed an extensive analysis of factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), and determined that removal and debarment from Federal employment for 2 years was the appropriate penalty for the respondent's violations of the Hatch Act. ID at 8-23. The administrative law judge rejected OSC's request to impose a 5-year debarment, noting that it would be inconsistent with prior penalties. ID at 23.

¶6      The respondent has filed a petition for review arguing that the administrative law judge improperly weighed the *Douglas* factors because he accorded the most weight to the factor concerning the notoriety of the offense and little to no weight to mitigating factors. Petition for Review (PFR) File, Tab 1 at 4-7. She also argues that the penalty of removal and debarment from Federal employment for 2 years is excessive and inconsistent with penalties in similar cases. *Id*. at 7-8. OSC has filed a response to the respondent's petition for review and a cross petition for review, arguing that the administrative law judge erred in not imposing the maximum 5-year debarment, given the aggravating factors. PFR File, Tab 4 at 8. OSC also requests that the Board use this case as an opportunity to clarify that, under *Douglas* factor two, healthcare providers are held to a higher standard than other Federal employees. *Id*.

### DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative law judge correctly found that OSC proved that the respondent violated the Hatch Act.</u>

¶7      In its first count, OSC alleged that the respondent violated 5 U.S.C. § 7323(a)(3) through her candidacy for partisan political office. IAF, Tab 1 at 6. That statute makes it unlawful for an employee, such as the respondent, to "run for the nomination or as a candidate for election to a partisan political office." 5 U.S.C. § 7323(a)(3). The respondent contends that she believed that the DVA Code of Conduct gave her permission to run for partisan political office. PFR File, Tab 1 at 5-6. However, the respondent's contention does not excuse her

misconduct because the plain language of the statute does not require OSC to prove that a violation was either knowing or willful.  5 U.S.C. § 7323(a)(3); *Lewis v. Merit Systems Protection Board*, 594 F. App'x 974, 979 (Fed. Cir. 2014) (observing that the prohibition in 5 U.S.C. § 7323(a)(3) does not require knowledge or intent).[2]  We agree with the administrative law judge that OSC established the first count because the record shows that the respondent was a Federal employee covered by the Hatch Act and that she was a candidate for partisan political office in the 2022 election for the Governor of Illinois.  CF, Tab 18 at 5-8.

¶8  In its second count, OSC alleged that the respondent violated 5 U.S.C. § 7323(a)(2).  CF, Tab 7 at 9.  That statute prohibits an employee, such as the respondent, from knowingly soliciting, accepting, or receiving political contributions.  5 U.S.C. § 7323(a)(2).  This provision of the statute has an explicit knowledge requirement, but OSC must only establish that the respondent knowingly accepted a political contribution.  5 U.S.C. § 7323(a)(2); *Lewis*, 594 F. App'x at 979-80 (observing that the statute does not require knowledge that soliciting the donation violated the law).  The administrative law judge noted that, even accepting the respondent's assertion that she did not directly solicit political contributions as true, the evidence is clear that the respondent knew that her campaign was in receipt of political contributions; thus, he found that OSC established its second count.  CF, Tab 18 at 8-10.  The respondent does not challenge this finding, and we discern no reason to disturb it.

<u>Removal and debarment from Federal employment for 2 years is an appropriate penalty for the respondent's Hatch Act violations.</u>

¶9  After considering OSC's post-hearing brief regarding the appropriate penalty, the administrative law judge correctly applied the relevant *Douglas*

---

[2] *See Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016) (explaining that the Board may follow a nonprecedential decision of the U.S. Court of Appeals for the Federal Circuit when it finds its reasoning persuasive).

factors[3] and determined that removal was the appropriate penalty to impose on the respondent. ID at 8-22; CF, Tab 37; *see Special Counsel v. Lewis*, 121 M.S.P.R. 109, ¶ 23 (finding that, under the Hatch Act Modernization Act of 2012, the Board should apply the *Douglas* factors in determining the proper penalty for violations of the Hatch Act), *aff'd*, 594 F. App'x 974 (Fed. Cir. 2014). The respondent did not submit a post-hearing brief regarding the appropriate penalty, but she challenges the administrative law judge's application of the *Douglas* factors. PFR File, Tab 1 at 4-7. On review of the record, we find that the administrative law judge reviewed the evidence and arguments and came to reasoned, logical conclusions. As discussed below, the respondent has not shown that the administrative law judge failed to consider the relevant factors.

¶10 The respondent disagrees with the weight the administrative law judge accorded the second *Douglas* factor, which concerns her job level and type of employment. PFR File, Tab 1 at 5. The administrative law judge correctly noted that the respondent did not occupy a supervisory position, which would require a higher standard of conduct, and determined that this factor should be accorded little weight as a result. ID at 9-10. We discern no reason to disturb the administrative law judge's finding in this regard, particularly given the absence of any persuasive argument presented by the respondent. The agency requests that this factor be treated as aggravating and that the Board use this case as an

---

[3] Those factors include the following: (1) the nature and seriousness of the offense; (2) the employee's job level and type of employment; (3) the employee's past disciplinary record; (4) the employee's past work record; (5) the effect of the offense upon the employee's ability to perform at a satisfactory level and its effect upon supervisors' confidence in the employee's ability to perform assigned duties; (6) consistency of the penalty with those imposed upon other employees for the same or similar offenses; (7) consistency of the penalty with any applicable agency table of penalties; (8) the notoriety of the offense or its impact upon the reputation of the agency; (9) the clarity with which the employee was on notice of any rules that were violated in committing the offense or had been warned about the conduct in question; (10) potential for the employee's rehabilitation; (11) mitigating circumstances surrounding the offense; and (12) the adequacy and effectiveness of alternative sanctions to deter such conduct in the future by the employee or others. *Douglas*, 5 M.S.P.R. at 305-06.

opportunity to clarify that, under *Douglas* factor two, healthcare providers are held to a higher standard than other Federal employees. PFR File, Tab 4 at 8. While we agree that healthcare providers are expected to adhere to a high standard of conduct and behavior towards patients and other employees, we decline to find that the respondent's work in a healthcare setting constituted an aggravating factor in this case.

¶11 The respondent also objects to the administrative law judge's statements regarding the third and fourth *Douglas* factors, which concern her past disciplinary and work records. PFR File, Tab 1 at 5. She notes that, in considering the third and fourth *Douglas* factors, the administrative law judge stated that the record shows that the parties submitted no evidence concerning prior discipline and that there was little discussion concerning her past work record. PFR File, Tab 1 at 5; ID at 10. She also notes that the administrative law judge later pointed to her "apparent lack of a disciplinary record," without a citation to the record. PFR File, Tab 1 at 5; ID at 23. The administrative law judge appropriately gave the third and fourth *Douglas* factors little weight in light of the limited evidence in the record, ID at 10, and the administrative law judge's reference to the "apparent lack of a disciplinary record" appears to be consistent with his earlier statement that the parties submitted no evidence regarding prior discipline. We are not persuaded by the respondent's objections, especially given that the administrative law judge ultimately considered the respondent's past work record and apparent lack of disciplinary record as mitigating factors in support of a period of debarment of less than 5 years, which was the enhanced penalty requested by OSC. ID at 23.

¶12 The respondent disagrees with the administrative law judge's finding that the eighth *Douglas* factor, notoriety of the offense, weighs most heavily in favor of removal. PFR File, Tab 1 at 5-6. She appears to conflate this factor with the ninth *Douglas* factor, the clarity with which she was on notice of any rules that were violated in committing the offense, when she asserts that the administrative

law judge failed to consider testimony from herself and other witnesses regarding the purportedly confusing nature of the DVA's policies surrounding the Hatch Act. *Id*. at 6. She acknowledges that OSC presented evidence showing that the agency warned her that her conduct was in violation of the Hatch Act, but she asserts that she believed that she was permitted to run for the position of Governor of Illinois based on the DVA Code of Conduct, which states, "Employees may run for and hold non-partisan or political office." PFR File, Tab 1 at 5-6; CF, Tab 32 at 15, HT, Vol. 1, at 73-75; 258.

¶13     Regarding the eighth *Douglas* factor, notoriety of the offense, the administrative law judge noted that the respondent brought significant attention to her Hatch Act violations by openly discussing the Hatch Act and her position as a DVA employee in multiple interviews broadcast on major news networks. ID at 16. He also noted that the respondent publicly acknowledged that the Hatch Act would require her to resign her Federal position or end her campaign, but she nevertheless chose to continue her campaign despite public admonitions. ID at 17-18; HT, Vol. 1, at 122, 127. He concluded that the respondent's conduct, which was viewable to the public and other Federal employees, undoubtedly damaged the reputation of the DVA and wrongly implied that the DVA condoned this type of political activity; thus, the public nature of her campaign and the notoriety of her misconduct weighed heavily in favor of removal. ID at 17-18. We discern no reason to disturb the administrative law judge's finding in that regard. ID at 21–22; *see Taylor v. Department of the Navy*, 35 M.S.P.R. 438, 442, 444 (1987) (finding general employee awareness of the charged misconduct to be an aggravating factor), *aff'd*, 867 F.2d 728 (Fed. Cir. 1988) (Table); *Black v. Department of the Air Force*, 29 M.S.P.R. 133, 137 (1985) (finding that media attention concerning the respondent's misconduct supported removal) .

¶14     Regarding the ninth *Douglas* factor, the clarity with which she was on notice of any rules that were violated in committing the offense, the administrative law judge found that the respondent was on notice that she was

subject to the Hatch Act and that her conduct violated the Hatch Act. ID at 20. He found that the DVA provided materials and training to the respondent on the Hatch Act and its prohibitions through a training module that the respondent completed. ID at 20; IAF, Tab 33 at 7-20; HT, Vol. 1, at 14-16. He also found that the respondent was directly contacted on multiple occasions where OSC explained that the respondent's conduct violated the Hatch Act. ID at 20. He considered the respondent's argument that she believed that the DVA Code of Conduct gave her permission to run for partisan political office, but he correctly noted that any mistaken belief she held should have been corrected after receiving OSC's multiple notices that she was violating the Hatch Act. ID at 19-20; *see Lewis*, 121 M.S.P.R. 109, ¶ 28 (noting that the respondent's reliance on the incorrect advice of counsel, despite the warning letters from OSC, did not affect the clarity of the rules brought to his attention by those warning letters); *Special Counsel v. Briggs*, 110 M.S.P.R. 1, ¶¶ 14-16 (2008) (affirming the respondent's removal based on clear warnings he received from his employing agency and OSC that his continued candidacy violated the Hatch Act, even though he mistakenly believed otherwise after speaking with an attorney regarding the matter), *aff'd*, 322 F. App'x 983 (Fed. Cir. 2009). Thus, we agree with the administrative law judge that this factor militates toward a more severe sanction.

¶15   The respondent also argues that the penalty of removal and debarment from Federal employment for 2 years is excessive and inconsistent with penalties in similar cases. PFR File, Tab 1 at 7-8. In support of her argument, the respondent cites to *Special Counsel v. Malone*, 84 M.S.P.R. 342 (1999) and *Special Counsel v. Rivera*, 61 M.S.P.R. 440 (1994),[4] noting that the penalties imposed in those

---

[4] In *Malone*, the Board found that suspensions of 180 and 150 days were appropriate penalties to impose on District of Columbia employees for violations of the Hatch Act, which occurred when employees solicited services and contributions from other D.C. government officials and persons doing business with the District of Columbia, in connection with the mayor's reelection campaign. 84 M.S.P.R. 342, ¶¶ 35-37, 47. In *Rivera*, the Board found that a 60-day suspension was the appropriate penalty because the violation consisted of fundraising letters sent to only four individuals, none of whom were Federal employees, and because the respondent participated in the

cases were less severe than removal. PFR File, Tab 1 at 7. We find unavailing the respondent's reliance on *Malone* and *Rivera*. Those cases are distinguishable to the extent the respondents were not charged with candidacy violations and did not continue to engage in the prohibited conduct after being warned by OSC.

¶16    The other cases the respondent cites, *Special Counsel v. Arnold*, MSPB Docket No. CB-1216-16-0017-T-1, Final Order (Jan. 17, 2023) and *Special Counsel v. Pierce*, 85 M.S.P.R. 281 (2000), involved Federal employees charged with running for partisan political office, and the respondent observes that, in *Arnold*, the administrative law judge ordered removal but not debarment. PFR File, Tab 1 at 7. Nonprecedential decisions, such as *Arnold*, are not binding on the Board except when they have a preclusive effect on the parties. 5 C.F.R. § 1201.117(c)(2). Moreover, removal was the maximum penalty for a Hatch Act violation prior to the National Defense Authorization Act for Fiscal Year 2018, Pub. L. No. 115-91, 131 Stat 1283, 1626 (NDAA for 2018). Section 1097(k)(2) of that Act authorizes enhanced penalties for violations of 5 U.S.C. § 7323 "occurring after the date of enactment of this Act." The NDAA for 2018 became effective on December 12, 2017. *Arnold* concerned Hatch Act violations occurring prior to December 12, 2017, and the imposition of debarment for the respondent's conduct was beyond the scope of the administrative law judge's authority. We are likewise not persuaded that *Pierce* is a proper comparator case because it involved a settlement providing for a 30-day suspension for the respondent's violation of the Hatch Act and mitigating factors, most of which are not present in this case. 85 M.S.P.R at 282-83. We decline to compare a penalty to other actions resolved through settlement, and this precedent is grounded in the Board's longstanding policy in favor of settlement. *See Hulett v. Department of the Navy*, 120 M.S.P.R. 54, ¶ 7 (2013) (concurring and dissenting opinion of Vice Chairman Wagner).

---

assignment at the request of the Colorado Hispanic Bar Association for the purpose of promoting the candidacy of a fellow Hispanic. 61 M.S.P.R. at 442, 445.

¶17    The administrative law judge properly found that removal is an appropriate penalty in this case.  The nature and severity of the respondent's Hatch Act violations are not in dispute.  The Board has held that a respondent's "active candidacy for partisan political office, [which] was conspicuous and substantial," warrants removal from Federal service.  *See Special Counsel v. Greiner,* 117 M.S.P.R. 117, ¶ 19 (2011) (explaining that the respondent's candidacy for partisan political office carries with it political coloring of the highest order and also weighs in favor of removal).  The Board also has held that a Hatch Act violation generally "warrants removal if it occurred under circumstances demonstrating a deliberate disregard of the Act."  *Briggs,* 110 M.S.P.R. 1, ¶ 14.  The administrative law judge correctly noted that the respondent was notified on several occasions that her candidacy for partisan political office violated the Hatch Act and that she continued her candidacy for partisan political office unabated.  ID at 19-20; *see Special Counsel v. Simmons*, 90 M.S.P.R. 83, ¶ 14 (2001) (explaining that continued candidacy in the face of warnings that the activity violates the Hatch Act warrants removal).  We find that her removal is commensurate with the penalties the Board has previously imposed under similar circumstances.  *See Greiner*, 117 M.S.P.R. 117, ¶¶ 3, 25; *Briggs,* 110 M.S.P.R. 1, ¶¶ 6, 16.

¶18    The respondent argues that the administrative law judge did not discuss any mitigating factors in his penalty analysis, noting that such factors can include unusual job tensions, personality problems, mental impairment, harassment, or bad faith, malice, or provocation on the part of others involved in the matter.  PFR File, Tab 1 at 6.  Because there is no indication in the record that she raised any such factors, we discern no error in this regard.  Moreover, in determining that the maximum 5-year debarment was not appropriate, the administrative law judge considered other mitigating factors, such as her position as a non-supervisory nurse and its lack of prominence within the DVA, her past work record, and her apparent lack of a disciplinary record.  ID at 23.  However, the

administrative law judge ultimately determined that a 2-year debarment was appropriate after weighing the mitigating factors against the aggravating factors, such as the seriousness of the respondent's offense, the clarity of the notices she received regarding her Hatch Act violations, and her refusal to modify her behavior even after receiving multiple admonitions. ID at 22-23. We agree with the administrative law judge that a 2-year debarment was warranted in this case. ID at 23.

¶19 As for OSC's cross petition for review requesting that the Board enhance the penalty imposed against the respondent to the maximum 5-year debarment, we deny the request. The enhanced penalty requested by OSC is based on the statutory authority provided for in the NDAA for 2018. Section 1097(k)(1) of that Act, codified at 5 U.S.C. § 7326, provided for a range of penalties consisting of removal, reduction in grade, debarment from Federal employment for a period not to exceed 5 years, suspension, reprimand, an assessment of a civil penalty not to exceed $1,000, or any combination thereof. We agree with the administrative law judge that the maximum 5-year debarment is not warranted in light of the mitigating factors presented here. ID at 23. Under the circumstances of this case, we find that removal and a 2-year debarment is an appropriate penalty.

## ORDER

¶20 The Board ORDERS that the respondent be removed from her position and debarred from Federal employment for 2 years. The Board also ORDERS OSC to notify the Board within 30 days of the date of this Final Order whether the respondent has been removed and debarred. This is the final decision of the Merit Systems Protection Board in this appeal. 5 C.F.R. § 1201.113(b).

**NOTICE OF APPEAL RIGHTS**[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.