NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DELON JOHNS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1809

---

Petition for review of the Merit Systems Protection Board in No. SF-3443-23-0039-I-1.

---

Decided: March 6, 2025

---

DELON JOHNS, Hemet, CA, pro se.

CONSTANCE E. TRAVANTY, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before TARANTO and HUGHES, *Circuit Judges*, and
BARNETT, *Judge*.[1]

PER CURIAM.

After receiving a negative performance appraisal from
his supervisor at the U.S. Department of Veterans Affairs
(VA), Delon Johns appealed to the Merit Systems Protec-
tion Board (Board).  As part of his appeal, Mr. Johns noted
that he had filed a whistleblower complaint with the U.S.
Office of Special Counsel (OSC).  Because a negative per-
formance appraisal is not an "action" within the Board's ju-
risdiction under 5 U.S.C. § 7512, the assigned Board
administrative judge ordered Mr. Johns to demonstrate
that his appeal was within the Board's jurisdiction and,
specifically, to demonstrate that he had exhausted his ad-
ministrative remedies with OSC if he was invoking an in-
dividual right of action as the vehicle for Board
adjudication of his whistleblower allegation, *see* 5 U.S.C.
§ 1214(a)(3).  Eventually, the administrative judge con-
cluded that Mr. Johns had not shown OSC exhaustion and,
on that basis, dismissed the appeal for lack of jurisdiction.
The full Board affirmed that initial decision, which became
the Board's decision.  We now affirm the Board's decision.

I

On October 18, 2022, while working as a police officer
for VA, Mr. Johns received a negative performance ap-
praisal. *Johns v. Department of Veterans Affairs*, No. SF-
3443-23-0039-I-1, 2022 WL 17409972, at 2 (M.S.P.B. Nov.
28, 2022) (*Initial Decision*).[2]  Mr. Johns filed an appeal

---

[1]    Honorable Mark A. Barnett, Chief Judge, United
States Court of International Trade, sitting by designation.

[2]    For the *Initial Decision*, we cite the page numbers
on the administrative judge's opinion in the Supplemental
Appendix submitted by the Respondent ("S. Appx.").  *See*
S. Appx. 10–22.

before the Board on October 25, 2022, arguing that he had not received a "fair, impartial, and unbiased performance appraisal." *Id.* at 2; S. Appx. 76, 78. With his appeal, he submitted his 2020–2021 performance appraisal, a written counseling memorandum he received from his supervisor, and copies of discrimination complaints he filed with VA. He referred to an OSC complaint he had filed on June 1, 2022, but he did not attach it.

On October 28, 2022, the assigned administrative judge ordered Mr. Johns to file evidence demonstrating that his appeal was within the Board's jurisdiction. *Initial Decision*, at 2. The administrative judge noted that "[t]he agency actions . . . challeng[ed] in this appeal"—*i.e.*, Mr. Johns' performance appraisal and written counseling memorandum—"do not appear on their face to be an adverse action over which the Board has jurisdiction." S. Appx. 55; *see* 5 U.S.C. § 7512 (listing agency actions within Board jurisdiction); *see also id.* §§ 7701(a), 7513(d). The administrative judge further explained that, although the Board has jurisdiction over individual-right-of-action appeals relating to whistleblowing and other protected activity, Mr. Johns needed to demonstrate by a preponderance of the evidence that he had exhausted his administrative remedies with OSC in order to establish jurisdiction on that basis. S. Appx. 55–56; *see* 5 U.S.C. §§ 1214(a)(3), 1221(a).

Mr. Johns filed responses on November 1 and 2, 2022, attaching his 2021–2022 performance appraisal, written counseling memoranda (including the one previously submitted), and a letter from the VA Office of General Counsel denying his administrative tort claim for lost wages. *Initial Decision*, at 2; S. Appx. 23–53. His responses did not include any evidence relating to his OSC complaint. Mr. Johns also raised arguments that his negative performance appraisal was, in part, due to his complaints that he had been denied pay for lunch duty and overtime.

VA moved to dismiss Mr. Johns' appeal for lack of jurisdiction on November 17, 2022, arguing that Mr. Johns "had failed to allege that he had been subject to an adverse action and had failed to meet his burden of proof that the Board had jurisdiction for any other reason." *Initial Decision*, at 2. The administrative judge agreed and issued an initial decision dismissing Mr. Johns' appeal for lack of jurisdiction on November 28, 2022. *Id.* at 1.

The administrative judge explained that Mr. Johns had failed to demonstrate that the Board had jurisdiction over his claims in three respects. *Id.* at 4–6. First, "[n]one of the agency's actions, or alleged actions, are 'adverse actions' over which the Board has jurisdiction" under 5 U.S.C. § 7512. *Id.* at 4. Mr. Johns' performance appraisals and written counseling memoranda did not "involve[] suspensions of more than 14 days or a removal," *see* 5 U.S.C. § 7512(1)–(2), and his allegations regarding lunch duty and overtime pay did not involve a "reduction in pay" because "pay" refers to basic pay, not overtime or other forms of premium pay, *see id.* § 7512(4); *id.* § 7511(a)(4) (defining "pay"); *Nigg v. Merit Systems Protection Board*, 321 F.3d 1381, 1385 (Fed. Cir. 2003). *Initial Decision*, at 4–5. Second, for his individual-right-of-action appeal, Mr. Johns "failed to submit any credible record evidence that he exhausted his administrative remedies with OSC." *Id.* at 6. Third, although Mr. Johns "appear[ed] to be alleging that he ha[d] been subject to discrimination from the agency," such allegations were "beyond the Board's jurisdiction" in the absence of an otherwise-appealable action. *Id.*; *see Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1342–43 (Fed. Cir. 2006) (en banc).

Mr. Johns petitioned the full Board for review of the initial decision, arguing that "the agency engaged in harassment, discrimination, and retaliation." *Johns v. Department of Veterans Affairs*, No. SF-3443-23-0039-I-1, 2024 WL 1854444, at *1 (M.S.P.B. Apr. 26, 2024) (*Final Decision*). The Board, reasoning that such allegations "d[id] not

provide a basis to disturb the administrative judge's conclusion that the Board lacks jurisdiction over the matter," affirmed the initial decision on April 26, 2024. *Id.* at *1–2.

Mr. Johns appealed. He waived further pursuit of his discrimination claims. We have jurisdiction to review the final decision of the Board under 28 U.S.C. § 1295(a)(9). *See also* 5 U.S.C. § 7703(b)(1)(A).

## II

We decide de novo whether an appeal submitted to the Board was within its jurisdiction. *Forest v. Merit Systems Protection Board*, 47 F.3d 409, 410 (Fed. Cir. 1995). The factual underpinnings of the Board's determination that it lacked jurisdiction are reviewable for substantial-evidence support. *Bolton v. Merit Systems Protection Board*, 154 F.3d 1313, 1316 (Fed. Cir. 1998). The only aspect of the Board decision Mr. Johns challenges in this court is the ruling that the Board lacked jurisdiction in this matter under its individual-right-of-action authority.

For the Board to have jurisdiction over an individual-right-of-action whistleblower appeal under 5 U.S.C. §§ 1221(a) and 2302(b)(8)–(9), the employee must demonstrate by a preponderance of the evidence that he has exhausted his administrative remedies with OSC. 5 U.S.C. § 1214(a)(3); *see Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1328 (Fed. Cir. 2020); *Garcia*, 437 F.3d at 1344. The Board concluded that Mr. Johns had not made that showing. We discern no error in that conclusion.

Mr. Johns argues that the Board "failed to look at dismissal letters from OSC" in deciding that it did not have jurisdiction over his individual-right-of-action appeal. Johns Informal Br. at 2. But there was no such failure, because Mr. Johns did not submit evidence showing the content of the OSC complaint he asserted he had filed. Although Mr. Johns alleged in his appeal form that he had filed a whistleblowing complaint with OSC on June 1, 2022,

S. Appx. 77, he did not submit a copy of that complaint or any other information relating to that complaint.

We note that the Supplemental Appendix the Board has supplied to this court in this appeal includes a dismissal letter from OSC filed by Mr. Johns in a different Board matter, Docket No. SF-1221-23-0257-W-1. *See* S. Appx. 96–98. Mr. Johns does not contend, and there is no indication in the record before us, that he submitted this dismissal letter to the Board in the proceedings underlying this appeal (*i.e.*, Docket No. SF-3443-23-0039-I-1). Indeed, the letter is dated March 2023 and states that it is responding to a complaint he filed with OSC in December 2022 (not to the June 2022 OSC complaint he alleged in the present matter), which was after the administrative judge ruled in the present matter. *Id.* The December 2022 OSC complaint is the subject of Board Docket No. SF-1221-23-0257-W-1.

Accordingly, substantial evidence supports the administrative judge's finding in the present matter that Mr. Johns "failed to submit any credible record evidence that he exhausted his administrative remedies with OSC." *Initial Decision*, at 6. The Board therefore did not err in ruling that it lacked jurisdiction over Mr. Johns' individual-right-of-action appeal. *Id.*

### III

We have considered the remainder of Mr. Johns' arguments and find them unpersuasive. For the reasons discussed above, we affirm the Board's dismissal for lack of jurisdiction.

The parties shall bear their own costs.

**AFFIRMED**